## GASSMAN v. JARVIS.

(Circuit Court, D. Indiana. March 8, 1899.)

No. 9,807.

COURTS—JURISDICTION—EFFECT OF REMOVAL AND DISMISSAL OF FORMER SUIT.
   The removal of a suit from a state court to a court of the United States,
   where it is subsequently dismissed without trial or a determination of the
   merits, does not affect the jurisdiction of the state court from which the
   removal was made, or of any other court of competent jurisdiction, to
   entertain a new suit on the same cause of action.[1]

At Law. On motion to dismiss for want of jurisdiction. Denied.

George H. Hester and Miller, Elam & Fesler, for plaintiff.
Wm. L. Taylor, for defendant.

BAKER, District Judge. This is an action for the recovery of
damages for a personal injury, brought in the court below, and re-
moved by the defendant into this court. The defendant now moves
the court to dismiss the action for the reason that the state court
whence it has been removed had no jurisdiction of the cause of ac-
tion, and therefore that this court by its removal has acquired none.
The want of jurisdiction in the court below is claimed to arise out
of these facts: The plaintiff on April 18, 1898, filed his complaint
in the state court against the defendant, as receiver, for the same
identical cause of action which is set out in the present complaint.
That cause was duly removed into this court, and was put at issue
and tried, and a verdict returned for the defendant, which verdict
was set aside and a new trial granted; and thereupon the plaintiff
dismissed his cause of action, and thereafter brought the present
suit in the same state court for the same identical injury and cause
of action as that set forth in the suit which had been so removed
and dismissed. The contention of the defendant is that the juris-
diction of this court upon removal is exclusive and continuous, and
that, though the cause so removed is dismissed without any trial or
determination of the merits, no suit can thereafter be instituted and
maintained for the same cause of action in the court from which
the removal has been taken. This contention finds support in the
case of Cox v. Railroad Co., 68 Ga. 446, and the case of Railroad Co.
v. Fulton, 59 Ohio St. 575, 53 N. E. 265. The supreme court of
Georgia decides that, where a case has been removed from a state
court into the circuit court of the United States, the jurisdiction
of the former ceases, and after a nonsuit in the federal court the
case cannot be renewed in the state court, although a statute of
that state expressly provides that if the plaintiff shall be nonsuited
he shall have the right to recommence his suit within six months,
and that such renewed suit shall stand upon the same footing as to
limitation with the original case. The court states the question
for decision thus:

"Can a case which has been removed to the United States court be renewed
in the state court?"

---

[1] As to lack of jurisdiction in federal court, see note to Carnegie, Phipps &
Co. v. Hulbert, 16 C. C. A. 507.

That court holds that it cannot, and the only reason assigned is found in the following extract:

"We think not, because the act of removal ipso facto transfers the jurisdiction of the cause to the circuit court of the United States, and devests that of the state court, so that by the ruling of the supreme court of the United States in the case of Kern v. Huidekoper, 103 U. S. 485, 26 L. Ed. 354, at the October term, 1880, all further proceedings in the state court are coram non judice and void."

The case of Kern v. Huidekoper, supra, does not lend any support to the decision of the supreme court of Georgia. In that case a proper petition and bond for removal had been seasonably filed and presented to the state court, which refused to order the removal of the cause, and insisted upon retaining jurisdiction. Thereupon the parties asking the removal filed a transcript of the proceedings of the state court in the proper circuit court of the United States, and procured an order of the latter court docketing the case as one properly removed to and pending in that court. Notwithstanding the removal and pendency of the cause in the circuit court of the United States, the state court proceeded to try the case and render judgment against the parties who had asked for the removal. Afterwards the cause was tried in the circuit court of the United States, where the parties who had removed the cause secured judgment in their favor. This latter judgment was removed to the supreme court by writ of error, and was there affirmed. The court held that if a cause is removable, and the statute for its removal has been complied with, no order of the state court for its removal is necessary, to confer jurisdiction on the court of the United States, and no refusal of such order can prevent that jurisdiction from attaching. It was further held that, the state court having lost jurisdiction, the judgment rendered by it while the cause was properly pending in the circuit court of the United States was void. This case furnishes no support for the doctrine that, when a case removed into a court of the United States has been dismissed without any trial or determination of the merits, a new suit cannot be brought on the same cause of action in a state court. When a case has been dismissed out of a court of the United States without any trial or determination of the merits, it is not perceived why a new suit may not be brought on the same cause of action in any court of competent jurisdiction. The state court possesses original jurisdiction of all such causes of action. The removal of the case, and its subsequent dismissal untried, and undetermined, cannot, under any known rule of law, be held to be a merger of the cause of action; nor can the removal and dismissal of the cause be pleaded in abatement of the new suit brought in the state court. When a cause of action removed into a court of the United States is dismissed therefrom without any trial or determination of the merits, the right of action still remains in full force and vigor, unaffected thereby, and the party having such right of action may bring suit thereon in any court of competent jurisdiction, the same as though no previous suit had been brought.

In the case of Gassman v. Jarvis (C. C.) 94 Fed. 603, this court held that the statute of this state governed the right of dismissal in actions at law. That statute reads:

"An action may be dismissed without prejudice, first, by the plaintiff before the jury retire; or, when the trial is by the court, at any time before the finding of the court is announced." 1 Burns' Rev. St. 1894, § 336.

The case, which had been removed to this court, was, on motion of the plaintiff, dismissed, as the statute provides, without prejudice. This statute means that the action may be dismissed by the plaintiff without prejudice to his right to bring a new suit for the same cause of action, precisely the same as though he had brought no prior suit.

The decision of the supreme court of Ohio rests upon the authority of the Georgia case, and that case, as we have seen, finds no support in the case cited and relied upon by it. The reasoning of these cases is not convincing or satisfactory. The confusion, as it seems to me, grows out of the failure to discriminate between a suit and the plaintiff's right of action. The plaintiff's suit is a statement of the facts constituting his right of action. If that suit is dismissed, no court has jurisdiction over it, except the court which dismissed it. That court alone has jurisdiction of the particular suit, and it alone possesses the power to reinstate it upon its docket, and to try or otherwise dispose of it. But, if a new suit is brought on the same right of action, it is not the same suit as the former one. A person having a right of action may bring more than one suit upon it, and he can only be prevented from prosecuting it to judgment either by a plea in bar or a plea in abatement interposed by the defendant. No rule of law permits the mere dismissal of a case untried and undetermined to be interposed either in bar or in abatement of a pending suit. This court can see no reason why it should be held, as the supreme court of Ohio does hold, that:

"The cause of action—the controversy between the parties—remains subject to the jurisdiction of the federal court, and is forever excluded from that of the court from which it was removed, unless remanded with the consent of the defendant."

It was not the purpose of the constitution, nor of the statutes passed in pursuance of it, to interfere with the jurisdiction of the courts of the states further than is necessary to secure the jurisdiction of the courts of the United States in respect of those causes of action which may be brought in or removed to those courts. To attain this end, it is not necessary to hold that a cause removed into a court of the United States, and dismissed therefrom untried and undetermined, is forever excluded from the jurisdiction of the courts of the state, because the institution of a new suit in the state court can in no wise interfere with the jurisdiction of the courts of the United States. For these reasons, the court finds itself unable to yield assent to the doctrine of these cases, and must therefore overrule the motion to dismiss. The defendant is given an exception.