SWIFT AND COMPANY v. MARY F. HOBLAWETZ.

No. 740.* (61 Pac. 969.)

1. ACTION—*Failure Otherwise than on Merits—Limitation.*
We adhere to our construction of section 23 of the code (Gen.
Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), that its provi-
sions apply to an action which has failed otherwise than upon its
merits, although the time limited by the statute in the first in-
stance had not expired at the time of such failure.

2. ———— *Removal—Dismissal in Federal Court—Jurisdic-
tion.* The removal of a case from the state to the federal court
does not so invest the federal court with jurisdiction of the subject-
matter as to preclude the plaintiff from again suing upon the
same cause of action in the state court.

Error from Wyandotte common pleas court; W. G.
HOLT, judge. Opinion filed July 11, 1900. Affirmed.

*Amos H. Kagy,* and *Hutchings & Keplinger,* for plain-
tiff in error.

*T. P. Anderson,* and *Getty & Hutchings,* for defendant
in error.

The opinion of the court was delivered by

MAHAN, P. J. : Defendant in error began this suit
to recover damages on account of the death of her
husband, which she says was occasioned by the negli-
gent conduct of plaintiff in error while her husband
was in its employment about its packing-house.
Joseph Hoblawetz, her husband, lost his life in the
fire of August 6, 1896, which caused the injury to
Henry Creasy, whose case was before this court upon
petition in error of Swift and Company.

The plaintiff herein charges in her petition nine
different acts of negligence. The first is that Swift

* Petition for order to certify denied by supreme court August 14,
1900.—REP.

and Company failed to have steam-pipes constructed accessible to each of the smoke-rooms so that steam could be turned upon the fire to extinguish it. The second is in failing to have an efficient method of extinguishing fire in its smoke-rooms. The third is in failing to advise its employees of the danger of throwing large quantities of water directly upon the fire, when one occurred in the smoke-rooms. The fourth is in failing to instruct its employees to prevent other persons from throwing water upon such fires. The fifth is in not having employees who were properly informed of the method of extinguishing such fires. The sixth is in not having safe and proper means of egress for its employees from the room in which Hoblawetz was killed. The seventh is in instructing defendant's smoker to rush the smoking in room 15, wherein the fire occurred. The eighth is in rushing the smoking therein in such a negligent manner as to cause the meat to take fire. The ninth is in ordering defendant's employees to turn the water on the fire.

The answer was (1) a general denial; (2) a plea of another action pending; (3) an allegation of contributory negligence; (4) an allegation of the assumption by Hoblawetz of the risk as being incident to the service in which he was employed; and (5) an averment that his death was due to the negligent act of a fellow servant.

There was a trial to a jury, a verdict and judgment for the plaintiff.

The first assignment of error is that the court overruled an objection to the introduction of evidence for the reason that it was disclosed by the petition that the cause of action therein stated was barred by the two-year statute of limitations. The plaintiff began her action in December, 1896, which was dismissed

without prejudice in December, 1897. Another action was begun in December, 1897, removed by Swift and Company to the federal court, and dismissed November 28, 1898. This action was begun August 26, 1898. Counsel say in support of this contention:

"The death occurred August 6, 1896; this action was commenced August 26, 1898. The petition sought to avoid this fact by alleging the commencement of a prior action on or about December 10, 1896, and its subsequent dismissal within one year from its commencement. The answer admitted the commencement and dismissal of the prior action, but alleged the commencement of a second action, which was pending at the commencement of this action, and was still pending at the time the answer was filed. The reply admitted these statements of the answer."

It is contended, upon this, that the case does not come within the provisions of section 23 of the code (Gen. Stat. 1897, ch. 95, § 17; Gen. Stat. 1899, § 4267), because the time limited by the statute had not expired at the time the first action was dismissed. In *Knox v. Henry et al.*, 8 Kan. App. 313, 55 Pac. 668, we held against this contention, and adhere thereto.

The second assignment of error is that the court overruled the demurrer to the evidence of the plaintiff. This assignment is based upon the same proposition of law that No. 1 is based upon, and must fall with it.

The third assignment is that the court refused certain instructions. By its request numbered 11, defendant asked the court to say to the jury that there was no evidence in support of the act of negligence, numbered 7, and that therefore the defendant could not be held liable on that ground. The court said to the jury in its general charge:

"The first question for you to determine in these cases is, Was the defendant guilty of any of the acts

of negligence charged against it by the plaintiff? The burden of proof is upon the plaintiff to prove by a preponderance of evidence that the defendant was guilty of one or more of the acts of negligence charged against it, and if the evidence upon such matters is evenly balanced, or if it preponderates in favor of the defendant, then your verdict should be for the defendant."

The request was simply the same matter in a different form.

The twelfth and thirteenth requests might have been given without objection on the part of the plaintiff, and yet their refusal is not sufficient ground for a reversal of the judgment. The proposition expressed in No. 12, that if the fire arose from accident purely the jury could not find that it was occasioned by the negligence of the smoker, Joss, is self-evident, and is necessarily embodied in the substance of the general charge of the court. By request No. 13, the court is asked to say to the jury that there is no evidence tending to show that the smoking could not be rushed without danger and that, therefore, the jury could not attribute the fire to the fact that Jackson, the foreman, told Joss to rush the smoking, and could not consider it an act of negligence for which the defendant would be responsible. It cannot be required of the court to apply by its charge the general rule of law given in its charge to each particular feature of the case to which it might be applicable. Such application is a matter of argument.

Request No. 14 is clearly embodied in the general charge.

Request No. 10 in its conclusion is too broad. It says to the jury that if they believe Joss was an experienced smoker, and that the smoking could be rushed with safety, and if the evidence fails to show

that he performed his duties in the proper manner, the defendant would be responsible by reason of the fact that the fire occurred. The occurrence of the fire was the occasion of all the acts of negligence charged that were done after the fire was discovered. Counsel probably intended to say that, if the evidence failed to show that he did not perform his duty in a proper manner, then the jury could not find the defendant guilty of the seventh and eighth grounds of negligence specified in the petition and in the general charge of the court.

Counsel for plaintiff in error requested the court to say to the jury that there was no evidence in support of the fourth charge of negligence. In this, counsel are mistaken. The refusal of the court to say to the jury that the death of Hoblawetz was not the natural, ordinary and proximate result of the direction given to rush the smoking, and that such direction, if given, could not be considered in determining the defendant's liability, was not prejudicial error. It was not and is not contended that there was any proof to sustain this charge of negligence. It is not possible that the jury could have based its verdict thereon under the instructions given them. No injury could have resulted from the refusal.

Further complaint is made that the court refused to charge the jury that Henry Creasy, at the time of the injury which caused the death of Hoblawetz, was a fellow servant of Hoblawetz, and that the plaintiff cannot recover for an injury which resulted from his negligence. This is not directed to any issue presented nor any evidence offered in the case. It could only tend to distract the minds of the jury from the real questions to be decided. The acts of negligence charged to defendant were those for which it was re-

sponsible by reason of the conduct of Stewart and Forsinger, who stood in the relation of master to the deceased, and not in acts or conduct of fellow servants.

The fifth specification of error is that the court was divested of all jurisdiction of the cause of action by the removal of the original suit to the federal court. In the argument in support of this contention we are referred to *Kern v. Huidekoper*, 103 U. S. 485, 26 L. Ed. 354; *Railway Co. v. Fulton, Adm'r*, 59 Ohio St. 575, 53 N. E. 265; *Cox v. The East Tennessee, Virginia Georgia Railroad*, 68 Ga. 448. The first case cited does not support the contention. It construes the act of March 3, 1875, providing for the removal of causes to the federal court and the effect of such removal on the jurisdiction of the state court from which the case was removed. It holds that a compliance with the act of congress by a party entitled to remove a cause, in a case that is removable under the act, removes the cause and the subject-matter, notwithstanding the refusal of the state court to allow such removal, and that thereafter the state court has no jurisdiction in that case to proceed further therein. The state court having been wholly divested of jurisdiction in the case by the removal, it does not follow that, when the federal court's jurisdiction is divested by the termination of the cause, as on a dismissal without prejudice, the plaintiff cannot choose the forum in which he will bring another action or case founded upon the same cause of action. It would be just as reasonable to say that the beginning of an action in the courts of one state and the subsequent dismissal thereof would oust the jurisdiction of the courts of all other states where the defendant might be found and properly sued but for the first suit. We decline to hold that upon the removal of a cause from a state

to a federal court with jurisdiction of the cause of action, it never can be divested thereof.  We hold, on the contrary, that a dismissal without prejudice, or other final disposition of the case not upon the merits, not only divests the federal court of jurisdiction of that case but of the subject-matter of the suit, and that the plaintiff is at liberty to renew his cause in the state court, or in any court having jurisdiction of the subject-matter and of the parties.

The sixth specification of error is that the court denied the defendant's motion for a new trial.  Under this assignment, it is contended that there is no evidence of negligence on the part of the defendant to sustain the verdict of the jury.  Under this contention an argument is made as to what Creasy saw at the time he obeyed the instruction of Stewart and held the nozzle of the hose while Stewart turned the water on; of Creasy's knowledge of the conditions in the floor above him, where the deceased was; of Creasy's knowledge of the result of throwing water upon the fire, and the result of Creasy's going to investigate the conditions, or of his going for other means for extinguishing the fire.  All this is outside of the real issues that were tried in the case.  Suffice it to say that, in our view, the evidence of negligence is ample. The trial was conducted fairly.  The plaintiff in error has no reason to complain of any conduct of the court toward it therein.

. The judgment is just and a meritorious one, and is affirmed.