AMANDA RODMAN, as *Aministratrix*, etc., v. THE MIS-SOURI PACIFIC RAILWAY COMPANY.

No. 12,739.  (70 Pac. 642.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Jurisdiction—Removal of Cause.* When a federal court, by dismissal without prejudice, and without a determination of the merits, relinquishes its jurisdiction over the parties to, and subject-matter of, an action removed to such court from a state court, plaintiff therein may again invoke the jurisdiction of the state court; and that court may properly proceed to a determination of the controversy irrespective of, and unaffected by, the former removal to, and jurisdiction in, the federal court.

2. LIMITATION OF ACTIONS—*Death by Wrongful Act.* Section 422 of the civil code (Gen. Stat. 1901, § 4871) creates a right of action for damages for death by wrongful act which did not exist at common law and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exercise of the right of action granted, and this time is not extended by the pendency and dismissal of a former action, as provided in section 23 of the code (Gen. Stat. 1901, § 4451).

Error from Wyandotte court of common pleas; WM. G. HOLT, judge. Opinion filed November 8, 1902. Affirmed.

*T. P. Anderson,* and *L. C. True,* for plaintiff in error.
*Waggener, Horton & Orr,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: T. M. Rodman, an employee of the receivers of the Union Pacific Railway Company, was killed by an engine of defendant on its line of road in Kansas City, on the 14th day of April, 1896. On the 1st day of August, 1896, Amanda Rodman, his widow, commenced an action against the receivers of the Union Pacific Railway Company and the Missouri Pacific Railroad Company of Missouri, to recover damages for the death of Rodman by wrongful act, in accordance with the provisions of section 422a of the civil code (Gen. Stat. 1901, § 4872). That action was removed to the circuit court of the United States for the district of Kansas, and thereafter, on the 1st day of December, 1898, was dismissed therefrom by plaintiff, without prejudice to the bringing of a future action.

Meanwhile, the widow having been duly appointed and qualified as administratrix of the estate of deceased, this action was commenced by her in her representative capacity in the court of common pleas of Wyandotte county against the Missouri Pacific Railway Company of Kansas, on the 28th day of December, 1898, to recover damages for the death of the deceased, under the provisions of section 422 of the code (Gen. Stat. 1901, § 4871). The defendant answered, among other defenses, denying jurisdiction in the state court to try or determine the controversy,

Rodman v. Railway Co.

and also pleaded in bar the limitation contained in the act under which suit is brought. The trial court sustained a demurrer to the evidence offered by plaintiff and entered judgment for costs in favor of defendant. Plaintiff below brings error.

The questions arising upon this record for our determination are well defined, clearly presented, and important. It is affirmed on the one hand, and denied on the other, as follows: (1) That, the former action having been properly removed into the federal court, the loss of jurisdiction by the state court over the subject-matter was absolute and final, not alone as to the action so removed, but as to this action brought after dismissal of the former action from the federal court; (2) that the pendency of the former action, wherein the widow in her personal capacity was plaintiff, and the receivers of the Union Pacific Railway Company and the Missouri Pacific Railroad Company, alleged to be a corporation of the state of Missouri, were defendants, did not operate to suspend the running of the general statute of limitations as to the present action, wherein the widow in her representative capacity, as administratrix, is plaintiff, and the .Missouri Pacific Railway Company, alleged to be a Kansas corporation, is defendant; (3) that section 422 of the civil code creates a right of action for damages for death by wrongful act, in the absence of which no such right of action would exist, and prescribes as a condition to such right of action the time within which the right must be exercised ; and, as the present action was not brought within the prescribed time, the right was lost, and this notwithstanding the pendency of the prior action and its failure otherwise than upon the merits within one year next preceding the bringing of this present action.

Upon the first question raised the authorities are divided. Decisions from courts of high standing and undoubted authority are not wanting in support of this contention of defendant in error, notably, the decision of the supreme court of Ohio in *Railway Co. v. Fulton, Adm'r*, 59 Ohio St. 575, 53 N. E. 265, 44 L. R. A. 520, and that of the supreme court of Georgia in *Cox v. The East Tennessee, Virginia & Georgia Railroad*, 68 Ga. 446. We think, however, both the weight of authority and the better reasoning are against the conclusion reached in these decisions.

When, in an action pending in a state court, cognizable in and removable to the federal court, there is filed in due time a proper petition and bond for removal to the federal court, the state court, *ipso facto*, loses jurisdiction, and any further proceedings taken by the state court in that action, or a subsequent action brought on the identical subject-matter, between the same parties, during the pendency of the action removed to the federal court, or after final judgment therein, is *coram non judice*, and void. But when the federal court, by dismissal, relinquishes its jurisdiction over the subject-matter of the action and the parties without adjudication of the merits, the plaintiff may again invoke the jurisdiction of the state court, and that court may properly proceed to a determination of the controversy irrespective of, and unaffected by, the former removal to, or jurisdiction in, the federal court. (*Gassman v. Jarvis*, 100 Fed. 146; *Bush v. Kentucky*, 107 U. S. 110, 1 Sup. Ct. 625, 27 L. Ed. 354; *Hughes v. Green*, 28 C. C. A. 537, 84 Fed. 833; *Chamberlain v. Eckert*, 2 Biss. 124.)

The conclusion reached in this case renders it unnecessary to express any opinion on the second proposition stated. For, conceding the case at bar to be,

in parties and subject-matter, sufficiently identified with the action first brought and removed to the federal court, and therefrom dismissed without prejudice prior to a determination of the merits, and within one year next preceding the commencement of this present action, ·to have conserved a right of action governed by the general statutes of limitations, yet, we do not think plaintiff can recover. Section 422 of the civil code, provides :

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 422a provides :

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or, where there is no widow, by the next of kin of such deceased."

Under this section, Amanda Rodman, as widow, brought the action which was removed to the federal court and dismissed therefrom without prejudice, within a year next preceding the bringing of the present action. Section 23 of the code (Gen. Stat. 1901, § 4451) provides :

"If any action be commenced within due time and

a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure.''

The question is, Did the pendency of the former action and the saving terms of this section suspend the operation of the limitation provided in section 422, and permit the bringing of the action at bar more than two years after the cause of action arose? The question here presented is one of first instance in this court. Our decision is therefore untrammeled by any former controlling opinion, and is based upon, and induced by, an examination of many decisions arising upon kindred statutes, and the reasoning therein employed. The precise question has seldom arisen. Questions analogous in their nature are of frequent occurrence.

At common law, or in the absence of section 422, no right of action would exist in this state in favor of any one to recover damages for the wrongful death of Rodman. (*Insurance Co. v. Brame*, 95 U. S. 754, 24 L. Ed. 580; *Dennick v. Railroad Co.*, 103 id. 11, 26 L. Ed. 439; *The Harrisburg*, 119 id. 199, 7 Sup. Ct. 140, 30 L. Ed. 358.) The general character and purpose of the act, and the nature of the limitation therein contained, has many times received the consideration of the courts. This court in *Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57, in considering the act of Missouri creating a right of action for wrongful death, said:

''The right thus conferred is a conditional one, and the plaintiffs in such action must bring themselves clearly within the prescribed conditions necessary to confer the right of action.''

In the opinion, Mr. Justice Johnston said:

"The provision designating when and by whom the suit may be brought is more than a mere limitation— it is a condition imposed by the legislature, which qualifies the right of recovery and upon which its exercise depends. The supreme court of Missouri has recently examined and interpreted this statute, and, in an elaborate opinion, reaches the conclusion that the right is a conditional one, and the condition, being annexed to the right as given in the statute, modifies the same, and in fact forms a part of the right itself."

In *The Harrisburg*, supra, Chief Justice Waite, delivering the opinion of the court, in speaking of the statutes of the states of Massachusetts and Pennsylvania, said:

"The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is. a condition attached to the right to sue at all. . . . It matters not that no rights of innocent parties have attached during the delay. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

In *Boston & M. R. R. v. Hurd*, 108 Fed. 116, 56 L. R. A. 193, it was said:

"It has been universally held that, where a special statute of this character gives a remedy with an expressed limitation in the statute, the limitation is inherent in the right of action, and follows the remedy wherever there is an attempt to obtain it."

In *Taylor v. The Cranberry Iron Co.*, 94 N. C. 525, it was held :

"The provisions of this statute, limiting the time within which the action must be brought, is not a statute of limitations. The statute confers a right of action which did not exist before, and it must be strictly complied with. As there is no saving clause as to the time of bringing the action, no explanation as to why it was not brought will avail."

Mr. Tiffany, in his work on Death by Wrongful Act, section 121, says :

"These special limitations differ in some respects from those created by the ordinary statutes of limitation. Inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. The right is given subject to the limitation, and a subsequent change in the period of limitation will not extend the period so as to affect an existing right of action."

In the American and English Encyclopedia of Law, volume 8, second edition, page 875, it is said :

"It seems that provisions in the statutes authorizing actions for wrongful death which limit the time within which the actions shall be brought are not properly statutes of limitation as that term is generally used. They are qualifications restricting the rights granted by the statutes, and must be strictly complied with. As the statutes confer a new right of action, no explanations as to why the suit was not brought within the specified time will avail unless the statutes themselves provide a saving clause." (See, also, *George, Adm'r, v. The Chicago, Milwaukee & St. Paul Ry. Co.*, 51 Wis. 603, 8 N. W. 374; *Hanna, Administrator, v. The Jeffersonville Railroad Company*, 32 Ind. 113; *Best v. Town of Kinston*, 106 N. C. 205, 10 S. E. 997.)

The precise question here under consideration arose

in *Gerren v. Hann. & St. Jo. R. R. Co.*, 60 Mo. 405.   It was there held :

"Under section 5 of the damage act, the new suit brought against a railroad, after non-suit, must be commenced within one year after the date of the injury.   Section 19 of the chapter concerning limitations, authorizing the commencement of a new action within a year from date of non-suit, has no application to causes, the time for bringing which is not 'prescribed' by that chapter, but otherwise limited."

Also, in *L. S. & M. S. Ry. Co. v. Dylinski*, 67 Ill. App. 114, it was held :

"Actions for damages resulting from the death of a person caused by the wrongful act of another may be commenced within two years after such death.   The time is not extended by a non-suit in a previous action."

Many cases have arisen in which it has been held that minority or other legal disability of the party entitled to bring and maintain the action will not operate to extend the time prescribed in the statute for the bringing of the action, in the absence of a saving clause in the act itself.   (*Foster v. Railroad Co.*, 72 Miss. 886, 18 South. 380 ; *Murphy v. The Chicago, M. & St. P. Ry. Co.*, 80 Iowa, 26, 45 N. W. 392; *Best v. Town of Kinston*, supra ; *O'Keif, Admr., v. Memphis & Charleston R. R. Co.*, 99 Ala. 524, 12 South. 454; *Louisville & Nashville Railroad Company v. Sanders, &c.*, 86 Ky. 259, 5 S. W. 563.)

In *Beebe v. Doster*, 36 Kan. 666, 14 Pac. 150, this court held the general provisions of the statute of limitation ineffectual to extend the special limitation of five years contained in section 141 of the tax law providing for the bringing of an action to recover lands sold for taxes, notwithstanding the non-residence of the defendant.   It has also held that the contrac-

tual limitation contained in a policy of insurance is not governed or controlled by the general 'statutes of limitations. (*McElroy v. Insurance Co.*, 48 Kan. 200, 29 Pac. 478.)

A review of the authorities bearing on the question controverted compels us to hold that the scope and effect of the act above quoted is not merely to provide a remedy for a cause of action existing independent of the act itself, but to create a cause or right of action where, prior to the passage, or in the absence of the act, none existed. As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose. No excuse pleaded for delay in the commencement of the action for more than two years will avail, for the reason that no such excuse can in law be held sufficient. A limitation upon the time in which a preexisting right of action may be exercised is governed by the general statutes of limitation, and, in consequence, falls within the saving provisions of section 23 above quoted. But the limitation in time of the commencement of the action here brought under this statute is imposed as a condition upon the exercise of the right itself, is special and absolute in its nature, and is unaffected by the general provisions of section 23.

We are cited by counsel for plaintiff in error to cases in which it is claimed a doctrine contrary to the conclusion here reached is announced. We have examined the cases cited, and find but one in which the precise question here considered was either raised or determined. The exact question was presented and considered in the case of *Swift v. Hoblawetz*, 10 Kan.

App. 48, 61 Pac. 969. No authorities are cited in its support, nor are reasons given for the conclusion reached. Its authority is denied.

It follows that, the facts appearing on the face of the petition, the demurrer lodged against it should have been sustained. Failing in this, the action of the trial court in sustaining a demurrer to the evidence offered by plaintiff, and entering judgment in favor of defendant, is right, and must be affirmed.

All the Justices concurring.