ELIZA BEHEN, *Appellee,* v. THE METROPOLITAN STREET RAILWAY COMPANY, *Appellant.*

No. 17,205.

SYLLABUS BY THE COURT.

1. REMOVAL OF CAUSES—*Failure Other Than on Merits—Not Res Judicata.* The removal of a cause from a state court to a federal court does not so invest the federal court with jurisdiction of the subject matter as to preclude the plaintiff from again suing upon the same cause of action in a state court; and the provisions of section 22 of the code apply to an action which has been commenced in a state court, been removed to a federal court, and has there failed otherwise than upon the merits.

2. EVIDENCE — *Written Instrument — Interpretation for Court.* Where a written instrument has been offered in evidence which the court should have interpreted by proper instruction but erroneously submits its interpretation to the jury, and it clearly appears that the jury have given to such instrument a correct interpretation, the error in submitting the question to the jury is not ground for reversal.

3. CONTRIBUTORY NEGLIGENCE—*Pleadings—Instructions.* Where a passenger of a street railway sues to recover for personal injuries alleged to have been caused by the negligence of the railway company, an answer which alleges as a separate defense that the plaintiff's injuries were caused by her own act in stepping from the car upon which she was a passenger while it was in motion sets up a plea of contributory negligence and invites an instruction upon the doctrine of contributory negligence, unless there is an absence of any proof in support of such defense.

Appeal from Wyandotte district court. Opinion filed October 7, 1911. Affirmed.

*O. L. Miller,* and *C. A. Miller,* for the appellant; *Samuel Maher,* of counsel.

*F. B. Dawes, C. P. Rutherford, E. S. McAnany,* and *M. L. Alden,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: On June 3, 1909, plaintiff brought her action against the defendant to recover for personal injuries which she claimed she sustained on the 9th day of October, 1905, while a passenger of the defendant. The answer set up three defenses: *first,* the statute of limitations; *second,* that the defendant did not own the road over which the plaintiff was riding, nor did it own or operate the car, nor did it employ the men who operated the car upon which the plaintiff was a passenger at the time of the alleged injury; that in fact the car belonged to the Kansas City-Leavenworth Railroad Company, an interurban line extending from Kansas City to Leavenworth; that the motorman was in the employ of that company; that the Kansas City Elevated Railway Company owned the road, employed the conductor and reimbursed the Leavenworth line for the time the motorman spent within the city limits; *third,* that the car had not stopped for passengers to get off or for any purpose up to the time the plaintiff

stepped from the car, that it had not yet reached its stopping place, and that plaintiff's injuries were occasioned by her stepping from the car while it was in motion. There was a trial to a jury and a verdict and judgment in favor of the plaintiff for $810, and from this judgment the defendant appeals.

The court sustained a demurrer to the first count of the answer. It is claimed that this was error and that by the ruling the court deprived the defendant of the benefit of the statute of limitations. The cause of action accrued on the 9th day of October, 1905. It appears from the answer that the plaintiff brought suit in the district court of Wyandotte county on the 8th day of March, 1907. The suit was thereafter removed to the federal court at the instance of the defendant and continued pending there until the 5th day of June, 1908, when it was dismissed by the plaintiff by leave of the court without prejudice, and on the 3d day of June, 1909, within one year from the dismissal, this action was brought in the state court.

The question to be determined is whether under these circumstances section 22 of the code of civil procedure applies. That section permits a plaintiff who has failed in an action otherwise than upon the merits to commence a new action within one year after such failure, notwithstanding the time limited for the action shall have expired. It is the contention of the defendant that this section of the code has no application to an action which has been pending or been dismissed in any court except a court of this state. True, the provisions of the code relate generally to steps taken and to be taken in the courts of this state, and the statute does not attempt to govern the procedure of the courts of other states nor that of the federal courts; but it by no means follows, as the defendant argues, that in order to toll the statute the action must be commenced and dismissed in one of the courts of this state. It was

the evident purpose of the statute to extend the time within which an action might be brought where for any reason the plaintiff had failed in a previous action otherwise than upon merits. It is true there is a conflict of authority on the question. (See authorities cited in 25 Cyc. 1315.)

The leading cases in support of the defendant's contention are *Cox v. The East Tennessee, Virginia & Georgia Railroad,* 68 Ga. 446, cited and relied upon by the defendants, and *Railway Co. v. Fulton, Adm'r,* 59 Ohio St. 575, 53 N. E. 265, 44 L. R. A. 520. The supreme court of Georgia held that the jurisdiction of the federal court upon removal is exclusive and continuous, and that although the cause so removed is dismissed without any trial of the merits no suit can thereafter be brought and maintained upon the same cause of action in the state courts. Commenting upon the reasoning of these cases the court in *Gassman v. Jarvis,* 100 Fed. 146, used this language:

"The decision of the supreme court of Ohio rests upon the authority of the Georgia case, and that case, as we have seen, finds no support in the case cited and relied upon by it. The reasoning of these cases is not convincing or satisfactory. The confusion, as it seems to me, grows out of the failure to discriminate between a suit and the plaintiff's right of action. The plaintiff's suit is a statement of the facts constituting his right of action. If that suit is dismissed, no court has jurisdiction over it, except the court which dismissed it. That court alone has jurisdiction of the particular suit, and it alone possesses the power to reinstate it upon its docket, and to try or otherwise dispose of it. But, if a new suit is brought on the same right of action, it is not the same suit as the former one. A person having a right of action may bring more than one suit upon it, and he can only be prevented from prosecuting it to judgment either by a plea in bar or a plea in abatement interposed by the defendant. No rule of law permits the mere dismissal of a case untried and undetermined to be interposed either in bar or in abatement of a pending suit." (p. 148.)

Behen v. Street Railway Co.

The plaintiff chose her forum and brought her first suit in the state court. At the instance of the defendant the suit was removed to the federal court and there dismissed by the plaintiff without prejudice. If the authorities relied upon by the defendant are sound she could not thereafter begin a suit in the state court upon the same cause of action even though the two-year period of limitations had not expired, which is in direct conflict with what was decided in *Swift v. Hoblawetz,* 10 Kan. App. 48, 61 Pac. 969, where the effect of the removal of a cause to the federal court was passed upon and it was held:

"The removal of a case from the state to the federal court does not so invest the federal court with jurisdiction of the subject matter as to preclude the plaintiff from again suing upon the same cause of action in the state court." (Syl. ¶ 2.)

(A petition for an order to certify the cause to this court was denied August 14, 1900. [10 Kan. App. 48.])

The same question was under consideration in *Rodman v. Railway Co.,* 65 Kan. 645, 70 Pac. 642, where the authority of the Georgia case relied upon here by the defendant was denied. In the opinion it was said:

"Upon the first question raised the authorities are divided. Decisions from courts of high standing and undoubted authority are not wanting in support of this contention of defendant in error, notably, the decision of the supreme court of Ohio in *Railway Co. v. Fulton, Adm'r,* 59 Ohio St. 575, 53 N. E. 265, 44 L. R. A. 520, and that of the supreme court of Georgia in *Cox v. The East Tennessee, Virginia & Georgia Railroad,* 68 Ga. 446. We think, however, both the weight of authority and the better reasoning are against the conclusion reached in these decisions." (p. 648.)

In the opinion in the Rodman case, supra, the authority of *Swift v. Hoblawetz,* supra, was in general terms denied, but it is apparent from an examination of the two cases that the court intended to overrule

the decision of the court of appeals only upon one point, which is not involved in the question under consideration here, and upon which both of the cases are in harmony.

To the same effect is *Hooper v. Railroad,* 106 Tenn. 28, 60 S. W. 607, 53 L. R. A. 931, expressly disapproving the decision in *Railway Co. v. Fulton, Adm'r,* supra.

Following these cases we hold, therefore, that the removal of a case from the state to the federal court does not so invest the federal court with jurisdiction of the subject matter as to preclude the plaintiff from again suing upon the same cause of action in the state court, and that the provisions of section 22 of the code apply to an action which has been commenced in a state court, been removed to a federal court, and has there failed otherwise than upon the merits.

One of the principal contentions is that the demurrer to the plaintiff's evidence should have been sustained on the ground of a failure of proof showing that the Metropolitan Street Railway Company was operating the car upon which plaintiff was a passenger at the time she was injured. As before stated, the car was owned by the Kansas City-Leavenworth company, which operated a suburban line from Leavenworth to Kansas City, Kan. From the western limits of Kansas City, Kan., the Leavenworth cars were run over one of the lines of the Kansas City Elevated Railway to a connection in Kansas City, Mo., with the tracks of the Metropolitan company. For the purpose of showing that the car was in fact operated by the Metropolitan company the plaintiff introduced in evidence the contract between the Leavenworth company, described as the party of the first part, and the Metropolitan, Central Electric and Kansas City Elevated companies, described as parties of the second part. For convenience the names of the companies will be thus abbreviated. It may be observed here that one claim of error is that

the court submitted to the jury the construction of the terms of this contract and that it should have been construed by the court, and the jury properly instructed as to its effect.

There is a sufficient reason why there could have been no reversible error in submitting the construction of the contract to the jury. We have carefully examined the provisions of the contract and, in our opinion, giving to its language the usual and ordinary meaning, but one construction as to the effect of its terms can be reached, which is, that the Metropolitan company was the controlling factor in the operation of all cars run over the line of railway from the city limits of Kansas City, Kan., into and through that city and Kansas City, Mo. The jury having given to the writing the correct interpretation there could have been no error in submitting it to them. (*Cosper v. Nesbit,* 45 Kan. 457, 25 Pac. 866.) The contract is long and space will permit reference to but a few of its provisions which lead to the foregoing conclusion. The Metropolitan company and the two other companies comprising the parties of the second part expressly agree to take and operate all cars which may be furnished to them at the point where the Leavenworth line intersects their lines and to assume and pay all expenses of operating such cars over, through or upon any of the tracks belonging to the Metropolitan company or the other two parties of the second part. In case the Metropolitan company should be required to pay any damages on account of the negligence of the Leavenworth company the latter agrees to reimburse the Metropolitan company for all sums so paid. In the event the Leavenworth company shall at any time be granted a franchise to operate cars upon any public streets of Kansas City it will at the election of the Metropolitan company immediately assign and transfer such rights to the Metropolitan company; and the lat-

ter agrees that in the event the Metropolitan or either the Central Electric or the Elevated company shall at any time thereafter be granted a franchise to operate a suburban line of railway between the city of Leavenworth and either of the two Kansas Citys, the Metropolitan shall .assign such franchise at once to the Leavenworth company. The Metropolitan company is to be paid for mail, express or freight carried on the cars of the Leavenworth company over the tracks of the parties of the second part such proportion of all sums which the Leavenworth company receives for transporting the same as the distance which the same is carried over the tracks of the Metropolitan bears to the whole distance. No provision seems to be made for paying any proportion of these receipts to the Elevated or to the Central Electric company. The contract is signed by Bernard Corrigan as president of the Metropolitan company, and as president of the Central Electric company and as president of the Kansas City Elevated company. Other evidence was offered showing that passes issued by the Metropolitan Street Railway Company were honored for transportation over the Grandview branch of the Kansas City Elevated Railway.

After the demurrer had been overruled the defendant offered evidence showing that the Metropolitan company some years before had acquired a controlling interest in the capital stock of the Kansas City Elevated Railway Company, but that in the operation of the roads books of accounts were kept showing the receipts and operating expenses of the Elevated road separately from those of the Metropolitan. It was also shown that the Metropolitan made good any deficit in the receipts of the Elevated road. A witness who had served for several years as assistant general manager of the Elevated road identified a transfer check as being of the form in use upon that road, which read as follows: "Metropolitan Street Railway Company, Grandview-

Sheffield Division, Transfer check for continuous pass-
age.  Bernard Corrigan, Pres."  Sheffield is a station
on the Metropolitan railway in the eastern suburbs of
Kansas City, Mo., and Grandview is a station on the
line of the Elevated road in Kansas City, Kan.  The
demurrer was rightly overruled.  If there remained
any uncertainty upon the issue of fact the testimony
brought upon the record by the defendant removed it.

The answer set up the following as a separate de-
fense:  "For a second and further answer and defense,
this defendant alleges that the plaintiff stepped from
the car upon which she was riding whilst said car was
still in motion and before said car had reached its usual
and ordinary stopping place for passengers to get off,
and thereby caused the injury which she received, and
this is the transaction complained of by plaintiff in
her petition."  It is now insisted that this is not a plea
of contributory negligence because neither the word
"negligence" nor the expression "contributory negli-
gence" is used, and in this connection there is a claim
of error in an instruction in respect to contributory
negligence.  If the defendant had pleaded in general
terms that the accident was caused by contributory
negligence of the plaintiff and a motion had been filed
to require it to state definitely in what respect it
claimed that plaintiff was negligent the answer would
have satisfied the motion.  The facts alleged could avail
the defendant as a separate defense only because if
true they barred plaintiff's right to recover by reason
of the law of contributory negligence.  It is clear that
this part of the answer amounted to a plea of contrib-
utory negligence.

We are unable to see how the defendant could have
been prejudiced by instruction No. 6.  It is said that
plaintiff's cause of action was not based upon the propo-
sition that she was induced or tempted to step from a
moving car.  She claims, it is true, that the car came
to a full stop, which, under the other circumstances

testified to by her, was an invitation for her to alight. She claims further that while in the act of stepping from the car it suddenly started and caused her to fall. The defendant's testimony tended strongly to show that the car was in motion when she started to get off, and the court gave the defendant the benefit of the instruction and charged that if the jury found from the evidence that she did step from the car while it was in motion and that such act was the proximate cause of her injury she could not recover. In view of the special defense of contributory negligence and proof in support thereof the instruction can not be regarded as prejudicial error.

It is claimed that the verdict is contrary to the evidence. If we were called upon to weigh the testimony we would perhaps incline to say that the verdict is against the weight of it. There was a sharp conflict as to whether the car had stopped at the time the plaintiff attempted to alight, and whether it was the usual place for passengers to get off the car. Several disinterested witnesses testified that the car had slowed down at a switch, that the conductor had stepped off the rear end and had run ahead to throw the switch, when the plaintiff came to the rear of the car and stepped off while it was in motion. The plaintiff's testimony was to the contrary and she was supported to some extent by other testimony to the effect that the place where she claimed to have been injured was a regular stopping place for passengers. The jury determined the issue in her favor and the trial court has approved the verdict. We can not disturb the finding and the judgment is affirmed.