PARTEE v. ST. LOUIS & S. F. R. CO.

(Circuit Court of Appeals, Eighth Circuit. April 25, 1913.)

No. 3,849.

(Syllabus by the Court.)

1. LIMITATION OF ACTIONS (§ 130*)—NEW ACTION AFTER FAILURE OF FORMER ACTION—DEATH BY WRONGFUL ACT.

Section 5945, art. 17, c. 87, Statutes of Oklahoma 1909, creates a cause of action unknown to the common law for death caused by the wrongful act of another, and requires such action to be commenced within two years. Section 5547, art. 3, of that chapter, provides that civil actions may be brought within the times limited in that article only, but that where in special cases a different limitation is prescribed by statute the action shall be governed by such limitation. Section 5555 of article 3 declares that if any action be commenced within due time, and a judgment for the plaintiff therein be reversed, or he fail otherwise than on the

merits after the time limited has expired, he may commence a new action within one year after the reversal or failure.

*Held*, section 5555 is inapplicable to actions created or permitted by section 5945, and the former section neither modifies nor extends the condition of the liability and action imposed by the latter section that the action must be commenced within two years after the wrongful act or death.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 539, 545, 553–566; Dec. Dig. § 130.*]

2. LIMITATION OF ACTIONS (§ 1*)—CONSTRUCTION—NEW LIABILITY—COMMENCEMENT OF ACTION—TIME FIXED.

The time fixed for the commencement of an action unknown to the common law, by act of Congress or statute which creates or permits the action, is a condition of the liability and action thus created, and not a statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

3. STATUTES (§ 161*)—CONSTRUCTION—GENERAL AND SPECIAL.

A special statute upon a particular subject and a general law must stand together, the one as the law of the specific subject and the other as the general rule, unless it clearly appears that it was the intention of the Legislature to modify or repeal one or the other.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234; Dec. Dig. § 161.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Action by Louis P. Partee, administrator, etc., against the St. Louis & San Francisco Railroad Company, a corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

G. W. Hutchins, of Tulsa, Okl. (J. J. Henderson, of Tulsa, Okl., on the brief), for plaintiff in error.

Fred E. Suits, of Oklahoma City, Okl. (W. F. Evans, of St. Louis, Mo., and R. A. Kleinschmidt, of Oklahoma City, Okl., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and WILLIAM H. MUNGER and TRIEBER, District Judges.

SANBORN, Circuit Judge. This is an action for the death of William McCain, which is alleged to have been caused by the wrongful act of the St. Louis & San Francisco Railroad Company. The action was not commenced within two years after the wrongful act or the death; but the plaintiff had commenced a similar action within the two years, had failed in that action otherwise than upon the merits, and had commenced this action within one year after the failure. He set forth these facts in his pleading, and the court below sustained a demurrer to it, and dismissed the action. This ruling is assigned as error.

[1] Article 3, which is entitled "Time of Commencing Civil Actions," of chapter 87 of Snyder's Compiled Laws of Oklahoma of 1909, contains these provisions:

"Section 5547. Limitations.—Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

"Section 5555. New Action—Limitation.—If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

Article 17, which is entitled "Causes of Action Which Survive, and Abatement of Actions," contains this provision:

"Section 5945. Action for Death—Limitation, etc.—When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The complaint in this court is that the court below held that section 5555 was inapplicable to this action, and that it could not be sustained because the plaintiff failed to comply with the condition of its maintenance fixed by section 5945, which created it, failed to commence his action within two years of the wrongful act or death. In support of this complaint counsel argue that section 5555 is general in its terms and without exception, and that it should be held to apply to this and every action which is commenced within due time, wherein a judgment is reversed or the plaintiff fails on the merits after the time limited has expired, and he brings a new action within one year after the reversal or failure. In support of this contention they cite, and we have carefully read and considered, the opinions of the courts in Meekins v. Norfolk & S. R. Co., 131 N. C. 1, 42 S. E. 333, Kenney v. Parks, 137 Cal. 527, 70 Pac. 556, Swift & Co. v. Hoblawetz, 10 Kan. App. 48, 61 Pac. 969, and Trull v. Seaboard Air Line Ry. Co., 151 N. C. 545, 66 S. E. 586, 587. But by the common law no civil action lies for an injury which results in death. Insurance Company v. Brame, 95 U. S. 754, 757, 24 L. Ed. 580. The only foundation for this action is section 5945. In the absence of that section the plaintiff could have no action, and the defendant would have been exempt from liability for the death of McCain.

[2] A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Pollard v. Bailey, 20 Wall. 520,

526, 527, 22 L. Ed. 376; Bank v. Francklyn, 120 U. S. 747, 756, 7 Sup. Ct. 757, 30 L. Ed. 825; Brunswick Terminal Co. v. National Bank, 99 Fed. 635, 638, 639, 40 C. C. A. 22, 25, 26, 48 L. R. A. 625; Pittsburgh, Cincinnati & St. Louis Ry. Co. v. Hine, 25 Ohio St. 629, 634; Dennis v. Atlantic Coast Line R. R. Co., 70 S. C. 254, 49 S. E. 869, 870, 106 Am. St. Rep. 746; International Navigation Co. v. Lindstrom, 60 C. C. A. 649, 651, 123 Fed. 475, 477.

[3] Because a special act and a general law must stand together, the one as the law of its particular subject and the other as the general rule, unless it clearly appears that it was the intention of the legislative body to modify or repeal one of them, because it does not appear that the Legislature of Oklahoma intended by section 5555 to annul or to modify the specific conditions on which new actions were created or permitted by special statutes, but that body seems to have enacted this section to extend the time fixed by the general statutes of limitation of the state for the commencement of the ordinary actions governed by that statute, and because it is expressly provided by section 5547, which is found in the same article as section 5555, that where in special cases a different limitation from those fixed in that article is prescribed by statute, as there is in this case, the action shall be governed by such limitation, and not by those prescribed in that article, the provisions of section 5555 are inapplicable to actions for death by wrongful acts, and neither modify nor extend the condition of these liabilities and actions fixed by section 5945, that they must be commenced within two years after the respective injuries or deaths. Rodman v. Missouri Pacific Ry. Co., 65 Kan. 645, 649-653, 70 Pac. 642, 59 L. R. A. 704; Gerren v. Railroad Company, 60 Mo. 405, 411; Theroux v. Northern Pac. Ry. Co., 64 Fed. 84, 85, 12 C. C. A. 52, 53; Anglo-American, etc., Co. v. Lombard, 132 Fed. 721, 751, 68 C. C. A. 89, 119; Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 70, 29 Sup. Ct. 397, 53 L. Ed. 695; Boston & Maine R. R. Co. v. Hard, 108 Fed. 116, 125, 47 C. C. A. 615, 624, 56 L. R. A. 193.

As this action was not commenced within the two years, it cannot be maintained, and the judgment below must be affirmed.

It is so ordered.