# SUPERIOR COURT OF BALTIMORE CITY.

Filed September 21, 1927.

STATE OF MARYLAND, TO THE USE OF THE GOLD SEAL BAKING CO., TO THE USE OF THE MANUFACTURERS' LIABILITY INSURANCE CO., TO THE USE OF MARGARET C. KENNEDY, WIDOW OF JOHN J. KENNEDY, DECEASED,

VS.

THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Robert R. Carman* and *Southey F. Miles* attorneys for plaintiffs.

*City Solicitor Charles C. Wallace* and *Assistant City Solicitor Roger B. Williams* attorneys for defendant.

SOLTER, J.—

This is a Lord Campbell's Act suit brought by an employer and insurer under Section 58, of Article 101 (Workman's Compensation Act). It was brought on February 4th, 1927, by titling, the plaintiffs being "State of Maryland to the use of The Gold Seal Baking Company, to the use of the Manufacturer's Liability Insurance Company, to the use of Margaret C. Kennedy, widow of John J. Kennedy, deceased," the defendant being The Mayor and City Council of Baltimore. On February 18, 1927, the declaration and bill of particulars was filed, the parties being the same, and on May 23, 1927, an amended declaration was filed. John J. Kennedy died January 30, 1926.

The declaration shows that a claim was filed by Mrs. Kennedy before the Commission on March 26, 1926, which resulted in an award against a certain Dorman as employer. This award was reversed by the Superior Court of Baltimore on October 16, 1926, the Court making instead an award against The Gold Seal Baking Company, as employer, of which The Manufacturer's Liability Insurance Company is the insurer. The declaration further shows that from this judgment an appeal was taken by the employer and insurer which was unsuccessful, and further that the mandate was received by the clerk of the Superior Court on April 26th, 1927, and the final award entered thereon by the State Industrial Accident Commission against The Gold Seal Baking Company, and insurer on May 12, 1927, in which the parties acquiesced. To the amended declaration setting forth these facts the Mayor and City Council demurred upon the grounds that it is bad in substance and insufficient in law. The precise ground relied upon is that, as the suit is under Lord Campbell's Act, and the declaration shows that it was not brought within the twelve months prescribed in Section 2, of Article 67, permitting actions in negligence causing death, it must fail.

The Court of Appeals in Clough & Malloy vs. Shilling, 149 Md. 189-195, said: "It will be seen that where the injury or death for which compensation is payable under this Act under circumstances creating a legal liability in some person other than the employer to pay damages in respect therefor, the Section gives to the parties specifically designated therein, under the conditions therein set forth, a right of action against a third person, the tort feasor. The clear meaning of the language "under circumstances creating a legal liability in some person other than the employer" is that the circumstances under which the injury was received created a liability resting upon the tort feasor outside of the provisions of Section 56, which means that if the injury did not result in death, the injured party would have had a right of action at common law against the wrongdoer for such injuries, or in case the injury resulted in death, that the dependents would have had a right of action by reason of the liability *then existing under Lord Campbell's Act.* In other words, Section 58, of Article 101, does not create any new liability but simply designates in what *manner the liability theretofore existing under*

*the common law and Lord Campbell's Act should be enforced,* and changes the parties who might be benefited by such enforcement."

In Maryland Casualty Co. vs. Elec. Manufacturing Company, 145 Md. 644, one of the questions involved was whether the insurance company was barred from bringing its subrogation suit against the tort feasor because it had failed to institute suit within the two months it was given priority over the employee or his dependents. The effect of delay in the proceedings before the Commission and in the Courts was considered and the Court said: "They (the legislators) could hardly have failed to realize how often the rights of dependents of a deceased employee to sue a tort feasor would be lost by delay, if it depended upon the determination in a suit against him under the Act, whether the Industrial Accident Commission had jurisdiction to make an award on the claim of such dependents against the employer of such decedent. *For it must have been obvious to the legislators, that by the time such a suit ran its course through the Courts, the year allowed for commencement of an action under Lord Campbell's act could easily have passed."* The obvious and exclusive inference from this statement in that should there be a delay for over twelve months in the proceedings before the Commission and in the Courts, the Lord Campbell's Act suit would be lost.

With reference to the year provision in Lord Campbell's Act it is generally held to be not a statute of limitation as that term is generally used. It is a qualification restricting the right granted by the statute and must be strictly complied with. As these statutes confer a new right of action, no explanations as to why the suit was not brought within the specified time will avail unless the statutes themselves provide a saving clause. 8 A. & A. Ency. 875, and cases cited. "A statute which in itself creates a new liability gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes an indispensable condition of the liability and the action which it permits. Such a statute is an offer of an action on condition that it will be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of the action no longer exist, and the defendant is exempt from liability." Judge Sanborn in Partee vs. St. Louis & S. F. R. Co., 204 Fed. 970, same case, 51 L. R. A. N. S. 721.

From the aforegoing authorities, it will be seen that Section 58, of Article 101, creates no new cause of action; that the commencement of the action within twelve calendar months from the death of the deceased person is an indispensable part of the statutory liability under Lord Campbell's Act, and further that in Maryland Casualty Co. vs. Electric Manufacturing Co., supra, our Court of Appeals distinctly recognized the fact that under some circumstances "by the time such a suit (the claim proceeding) ran its course through the Courts, the year allowed for the commencement of an action under Lord Campbell's Act could easily have passed."

Inasmuch as it is argued that because the twelve months had expired before the award had finally become fixed by the State Industrial Accident Commission, it must have been the intention of the Legislature not to deprive the employer and insurer in this situation of the right to bring their subrogation suit, it is well to note that it is conceivable that litigation involving the employee's rights against the employer might well extend over a period of years, and in the meantime the tort feasor would have no knowledge that suit against him would ultimately be brought. If the contention of the plaintiff is correct that the period of limitations in subrogation suits begins to run only from the date of the award, an ordinary negligence subrogation or employee's suit might successfully be instituted five years or more after the happening of the accident.

Notwithstanding there are many cases where the operation of a statute of limitations is suspended, it must be recognized that causing such a statute to run in favor of one, only after a time when others have concluded their differences through litigations exclusively controlled by them, is virtually destroying the statute. Quite apart from the conditional phase of liability

under Lord Campbell's Act herein previously defined in the absence of some specific statutory declaration to such effects, Courts should be loath to arrive at such a conclusion.

For the above reasons the demurrer will be sustained.