## COX *vs.* THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD.

1. When a case has been removed from a state court to the circuit court of the United States, the jurisdiction of the former ceases, and after non-suit in the federal court, the case cannot be renewed in the state court within six months, so as to avoid the statute of limitations. Section 2932 of the Code does not apply to such a case.

2. Railroad companies are required to keep in proper repair public roads or private ways established by law where they cross the railroad, and to build suitable bridges or make proper excavations or embankments. But they are not required to build bridges for crossings which are neither public nor private ways established by law; nor are they responsible for damages resulting from the construction of a bridge narrower than the road at such a crossing.

Statute of Limitations. United States Courts. Nonsuits. Railroads. Roads and Bridges. Damages. Before Judge FAIN. Whitfield Superior Court. October Term, 1881.

Cox sued the East Tennessee, Virginia and Georgia

Cox *vs.* The East Tennessee Virginia and Georgia Railroad.

Railroad for $500.00 damages for injuries sustained by his wife by reason of her falling out of a wagon in crossing the defendant's track. The case was originally brought in the superior court of Whitfield county, was removed by the defendant to the United States circuit court, and that court granted a non-suit. Within less than six months plaintiff again brought his action, on the same grounds, in the superior court of Whitfield county. Plaintiff alleged in his declaration, and attempted to show, that the crossing at which the injury occurred was a private crossing on his farm, but had been kept in repair by defendant for a number of years, and had been used by plaintiff all during that time to go from one part of his farm to the other; that after so keeping the crossing in repair, defendant had neglected to fix the same, and that the accident to his wife resulted from the dilapidated condition of the crossing. The cause of action arose in 1874, the present suit was brought in 1880. To avoid the bar of the statute of limitations plaintiff proved that he had commenced his suit for the same cause of action in January, 1876; that it had been removed to the circuit court of the United States, and on the trial there a non-suit had been granted within less than six months before the commencement of this case. Plaintiff here closed his case, and on · motion of defendant's counsel, the court granted a non-suit, to which the plaintiff excepted.

J. A. R. Hanks; Johnson & McCamy, for plaintiff in error.

McCutchen & Shumate, for defendant.

Jackson, Chief Justice.

A non-suit was granted in this case at the close of plaintiff's testimony, and the error assigned is the judgment of non-suit.

1. The same cause had been brought before and removed to the circuit court of the United States for the northern

district of Georgia. There, on trial before that court, at the close of plaintiff's evidence, a nor-suit was awarded, and thereupon in the state court the suit was renewed, under and by virtue of the six months' right to renew it under our statute, codified in section 2932 of the Code, which reads as follows: "If a plaintiff shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case." To be thus renewed it must be the same case as to cause of action and parties; and this is identically the same case in both respects. So that the question is, can a case which has been removed to the United States circuit court be renewed in the state court. We think not, because the act of removal *ipso facto* transfers he jurisdiction of the cause to the circuit court of the United States, and divests that of the state court. So that by the ruling of the supreme court of the United States in the case of Kern *vs*. Hindekoper, 13 Otto, 485, at the October term, 1880, all further proceedings in the state courts are *coram non judice* and void. Therefore, when it appeared that plaintiff himself proved, in order to take his case without the statute of limitations, that it had been removed and adjudicated by the United States court, he proved himself out of court, and was properly non-suited.

2. Moreover the accident by which his wife was injured occurred at a crossing over the railroad which was neither a public road nor a private way established by law. His suit for damages rests on the defect of a bridge over the railroad in his farm by which he crossed from one part to another of the farm. Section 706 of the Code enacts that, "all railroad companies shall keep in good order at their expense, the public roads or private ways established pursuant to law, when crossed by their several roads, and build suitable bridges, and make proper excavations or embankments, according to the spirit of the road laws."

By this statute they are to build the bridges and keep in repair the roads, including the bridges so built of course, if those roads are public roads, or if they are private ways established pursuant to law. What private ways are established pursuant to law ? The answer is found in article V., of chapter V., title VI., part I of the Code, which is on the subject of private ways and the manner in which they are established pursuant to law, and a record thereof kept in the road book and the way fully described therein. Section 727 of the Code.

There is no proof that any such private way was established and described and recorded in this case. On the contrary, it is admitted by the plaintiff in his testimony that nothing of the sort was done. Therefore it was not the duty of the railroad company to build and keep in repair this bridge, and it incurred no liability to answer in damages for the accident because the bridge may have been narrower than the law required.

The non-suit was right, then, on this ground also.

Judgment affirmed.