HOOPER    *v.*    RAILROAD.

*(Knoxville.    October   23,   1900.)*

1. LIMITATION, STATUTE OF.  *Bringing new action within one year after voluntary nonsuit saves from bar of.*

  A cause of action otherwise barred is saved, under the statute, where an action brought thereon in due time is disposed of by voluntary nonsuit, and a new action brought thereon within one year thereafter.  *(Post, pp. 30, 31.)*

  Code construed: ? 4446 (S.); § 3449 (M. & V.); ? 2755 (T. & S.).

  Cases cited: Railroad *v.* Pillow, 9 Heis., 248; Iron Co. *v.* Broyles, 95 Tenn., 612.

2. SAME.  *Same.*

  Where an action, commenced in due time in the State Court, is removed to the Federal Court, and there disposed of by voluntary nonsuit, the plaintiff may, within one year thereafter, bring and maintain a new suit on the same cause of action in the State Court, although the latter action would have been barred, but for the saving of the statute.  The effect of removal to the Federal Court was to transfer the particular action, and not the cause of action, to the jurisdiction of that Court.  *(Post, pp. 30–37.)*

  Code construed: ? 4446 (S.); ? 3449 (M. & V.); ? 2755 (T. & S.).

3. PLEADING AND PRACTICE.  *Averment of identity of cause of action.*

  In an action brought by an administrator to recover for personal injury of his intestate, naming a particular person as the beneficiary, it is a sufficient averment of the identity of a former action to allege "that the former suit was between the same parties, and for the same cause of action, without naming the beneficiary in either suit."  *(Post, p. 37.)*

FROM    KNOX.

Appeal   in   error   from   Circuit   Court   of   Knox County.   Jos.   W.   SNEED,   J.

W. E. DRUMMOND, WASHBURN, PICKLE & TUR-
NER and MYNATT & FOWLER for Hooper.

WRIGHT & FRANTZ for Railroad.

McALISTER, J. Suit to recover damages for
personal injuries, resulting in the death of plain-
tiff's intestate. Defendant company pleaded, first,
not guilty, and, second, the statute of limitations
of one year.

Plaintiff by replication to defendant's plea of
the statute of limitations, avers that within twelve
months after the cause of action accrued he
brought suit against defendant company in the
Circuit Court of Knox County. Thereupon defend-
ant company, upon the ground of nonresidence, re-
moved said cause to the Circuit Court of the
United States at Knoxville, where said cause
pended until the September term, 1899, of said
Court, when the plaintiff took a voluntary non-
suit. Subsequently thereto, and within twelve
months after the dismissal of the first suit, plain-
tiff instituted the present suit in the Circuit Court
of Knox County. Defendant company demurred to
this replication, assigning for cause:

"1. It doth not appear from said averments for
whom the said S. M. Hooper was administrator
in the original suit nor for whose benefit said
former suit was brought in the Circuit Court of
Knox County. Nor does it appear therein when

said right of action accrued and when said former suit was brought.

"2. Because it doth not appear what disposition was made of said cause after plaintiff's voluntary nonsuit in the Circuit Court of the United States at Knoxville.

"3. Defendant says the removal of said cause was a removal of all the rights and remedies plaintiff had therein against defendant company, and said cause not having been remanded to this Court, this Court is now without jurisdiction of same.

"4. The defendant says that the running of the statute of limitations was in nowise affected or prevented by said proceedings."

The Court below sustained the demurrer of defendant to the replication, and held that the suit having been originally brought in that Court and properly removed to the Federal Court, and never having been remanded therefrom, the Circuit Court of Knox County had no jurisdiction to entertain the same, and dismissed the plaintiff's suit.

The principal question debated at the bar was whether, after suit brought in the State Court and removed to the United States Circuit Court, and there dismissed by plaintiff taking a voluntary nonsuit, it can be renewed in the State Court for a less sum than would entitle defendant to again remove same to Federal Court, and, if this is so, would such nonsuit prevent the running of the

statute of limitations of one year. Sec. 4446, Shannon's Code, provides, viz.: "If the action is commenced within the time limited, but the judgment or decree is rendered against the complainant upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff and is arrested or reversed on appeal, the plaintiff or his representatives and privies, as the case may be, may from time to time commence a new action within one year from the reversal or the arrest." This Act has frequently been held to apply to a voluntary nonsuit by the plaintiff. *R. R.* v. *Pillow,* 9 Heis., 248; *Iron Co.* v. *Broyles,* 11 Pick., 612.

But it is argued that the removal of a cause from a State Court to the Federal Court thereby deprived the State Court of all further jurisdiction not only of that particular suit, but of the cause of action and subject-matter of that suit. Counsel for defendant company cites in support of his contention *Cox* v. *Railroad,* 68 Ga., 446; *Railroad* v. *Fulton,* 59 Ohio St., 575 (S. C., 44 L. R. A., 520.) In the latter case the Court said, viz.: "It has been repeatedly decided that, where a case has been properly removed from a State to a Federal Court, the jurisdiction of the former over the case immediately ceases, and it is its duty, in the language of the statute, to proceed no further in the cause. Its jurisdiction in that case ends with the removal.

"The Federal Court having acquired jurisdiction of the action by its removal from the State Court, must, on principle and the reason of the statute, retain it for all purposes, for the purpose of determining whether it should be reinstated or recommenced after it had been dismissed by it or stricken from the docket, as well as for its determination on the merits. Its jurisdiction in such case does not merely embrace the suit brought and removed, but any suit thereafter brought on the identical cause of action, after the former suit has been dismissed by it, until the cause of action has been extinguished by a judgment on the merits; the cause of action—the controversy between the parties—remains subject to the jurisdiction of the Federal Court, and is forever excluded from that of the Court from which it was removed, unless remanded with the consent of the defendant; and there are cases which make this a doubtful proposition, where the cause is a removable one. No one would claim that after a case has been stricken from its dockets by the Federal Court, the State Court could determine whether it should be reinstated; and, by a parity of reasoning, the State Court cannot pass on the right of the plaintiff to recommence the action after it has been dismissed by the Federal Court. In either of these cases the question can only be determined by the Court that had full and exclusive jurisdiction of the case

at the time. And if there be any remedial rule, statutory or otherwise, by which a case that has been dismissed for failure to prosecute can be reinstated after the time fixed by the statute of limitations has expired, the remedy must be sought in that Court. It is properly a step or proceeding in the same case. If this were not so, it would not only open the way to a violation of the policy of the statute authorizing removals, but be productive of a very inconvenient practice and much abuse. It would enable a party to permit his case to be dismissed by failing to prosecute in the Federal Court, with the purpose of recommencing it in the State Court, and thus compel the defendant to be at the trouble and expense of again causing it to be removed or submit to the jurisdiction of the State Court.

"The view we have taken finds support in the well-considered case of *Cox* v. *East Tennessee V. G. R. Co.,* 68 Ga., 446. It is there held that 'when a case has been removed from a State Court to the Circuit Court of the United States, the jurisdiction of the former ceases, and after nonsuit in the Federal Court the case cannot be renewed in the State Court within six months, so as to avoid the statute of limitations. Such right is given by statute on a nonsuit in the Courts of that State, a nonsuit not being a decision on the merits.' Referring to the statute, which reads as follows: 'If a plaintiff shall be

22 P—3

nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitations, with the original case, the Court said: 'To be thus renewed, it must be the same case as to cause of action and parties; and this is identically the same case in both respects. So that the question is, Can a case which has been removed to the United States Circuit Court be renewed in the State Court? We think not, because the action of removal, *ipso facto,* transfers the jurisdiction of the cause to the Circuit Court °of the United States, and divests that of the State Court, citing *Kern* v. *Huidekoper,* 103 U. S., 185 (26 L. Ed., 354).

In the case before us the plaintiff averred that the cause of action in the case removed was identical with the cause of action in this present petition. If it had not been, he could not have been within the provisions of § 4991, Rev. Stat., under favor of which he claimed the right to recommence his action in the State Court."

This question arose, was well considered, and a contrary conclusion reached by the Court in *Gassman* v. *Jarvis,* 100 Federal Reporter, 146. Said the Court: "The contention of the defendant is that the jurisdiction of this Court upon removal is exclusive and continuous, and that, though the cause so removed is dismissed without any trial or determination of the merits, no suit can there-

after be instituted and maintained for the same cause of action in the Court from which the removal has been taken. This contention finds support in the case of *Cox* v. *Railroad Co.*, 68 Ga., 446, and the case of *Railroad Co.* v. *Fulton*, 59 Ohio State, 575; 53 N. E., 265; 44 L. R. A. The Supreme Court of Georgia decides that where a case has been removed from a State Court into the Circuit Court of the United States, the jurisdiction of the former ceases, and after a nonsuit in the Federal Court the case cannot be renewed in the State Court, although a statute of that State expressly provides that if the plaintiff shall be nonsuited he shall have the right to recommence his suit within six months, and that such renewed suit shall stand upon the same footing as to limitations with the original case. The Court states the case for decision thus: "Can a case which has been removed to the United States Court be renewed in the State Court?" That Court holds that it cannot, and the only reason assigned is found in the following extract: "We think not, because the act of removal *ipso facto* transferred the jurisdiction of the cause to the Circuit Court of the United States, and divests that of the State Court, so that, by the ruling of the Supreme Court of the United States, in the case of *Kern* v. *Huidekoper*, 103 U. S., 185 (26 L. Ed., 354), at the October term, 1880; all further proceedings in the State

Court are *coram non judice* and void. . . . . .
·The case of *Kern* v. *Huidekoper* furnishes no
support for the doctrine that when a case re-
moved into a Court of the United States has
been dismissed. without any trial or determination
of the merits, a new suit cannot be brought on
the same cause of action in a State Court. . . . .
The State Court possesses original jurisdiction for
all such causes of action. The removal of the
case and its subsequent dismissal, untried and
undetermined, cannot, under any known rule of
law, · be held to be a merger of the cause of
action; nor can the removal and dismissal of the
·cause be pleaded in abatement of the new suit
brought in the State Court. When a cause of ac-
tion removed into a Court of the United States
is dismissed therefrom without any trial or de-
termination of the merits, the right of action
still remains in full force and vigor, unaffected
thereby, and the party having such right of action
may bring suit thereon in any Court of compe-
tent jurisdiction, the same as though no previous
suit had been brought. See *Gassman* v. *Jarvis,* in
(C. C.) 94 Fed., 603. . . . The decision of the Su-
preme Court of Ohio rests upon the authority of
the Georgia case, and that case, as we have seen,
finds no support in the case cited and relied
upon by it. . . . . No 'rule of law permits the
mere dismissial of a case untried and undeter-
mined to be interposed either in bar or in abate-

Hooper *v.* Railroad.

ment of a pending suit. . . . It was not the purpose of the Constitution, nor of the statutes passed in pursuance of it, to interfere with the jurisdiction of the Courts of the State, further than is necessary to secure the jurisdiction of the United States Court in respect of those causes of action which may be brought in or removed to those Courts."

We entirely concur in the views expressed by the Court in the last case cited, which we think announces the sounder rule. We applied it at the last term of this Court at Jackson, in the case of the *Western Union Telegraph Co.* v. *Bowers,* which is unreported.

Another ground of demurrer is that the replication failed to aver that the beneficiary of the recovery named in the present suit is the same as that named in the original suit. The replication averred that the former suit was between the same parties and for the same cause of action, without naming the beneficiary in either suit. The beneficiary named in the present suit is J. M. Lebow. We hold these averments sufficient, without alleging that the beneficiary named in the present suit was also named in the former suit.

The result is that the action of the Court in sustaining the demurrer is erroneous, the judgment is reversed and the cause remanded.

*There was no written opinion in this case.—REPORTER.