## YOUNG v. SOUTHERN BELL TELEPHONE AND TELEGRAPH CO.

REMOVAL OF CASES—TWO ACTIONS.—Where a case originally commenced in State Court has been removed by defendant into Federal Court because of diverse citizenship and of amount, and discontinued there on motion of plaintiff and costs paid, another case may be brought in State Court on same cause of action for such amount as would give State Court exclusive jurisdiction.

Before MEMMINGER, J., Charleston, March, 1905. Reversed.

Action by Martin Young against Southern Bell Telephone and Telegraph Co. From order dismissing case, plaintiff appeals.

*Messrs. Bryan & Bryan,* for appellant, cite: *On question of dismissal:* 110 Ga., 223, 36 S. E. R., 775. *Answering and going to trial in State Court is waiver of right to move for dismissal:* 169 U. S., 102; 100 U. S., 457; 111 U. S., 770; 130 U. S., 505; 134 U. S., 536; 198 U. S., 416.

*Messrs. Smythe, Lee & Frost,* and *Hunt Chipley,* contra, cite: *On question of jurisdiction:* 19 S. C., 222; 25 S. C., 419; 28 S. C., 315; 39 S. C., 373; 43 S. C., 174; 132 U. S., 27; 146 U. S., 202; notes to 16 C. C. A., 557; 2 Foster's Fed.

Pr., 847; 30 F. R., 641; 51 S. C., 171; 157 U. S., 208; 36 Fed. R., 355; 100 U. S., 316; 9 Fed. Cases, 161; 67 N. Y., 546; 36 S. C., 260; 10 F. R., 205; 11 Fed. R., 357. . *Federal jurisdiction not waived by appearance in State Court:* Dillon on Rem. of Causes, 173; 103 U. S., 492; 102 U. S., 141; 19 Wall., 223; 15 How., 198. *As to construction of removal statute:* End. on Int. of Stat., sec. 382; Pick., 156; 54 Pa. St., 89; 59 Ala., 219; 2 Pet., 464. *Suit cannot be discontinued in Federal Court and recommenced in State Court:* 37 S. C., 269; 53 N. E. R., 265; 68 Ga., 446; 30 S. E. R., 775; 72 S. W. R., 23; 97 S. W. R., 175; 31 Fed. R., 851; 36 F. R., 366; 59 F. R., 7; 41 F. R., 450; 12 Wall., 253.

October 27, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff commenced action in the Court of Common Pleas for Charleston County on September 6, 1902, to recover $10,000 damages for personal injury alleged to have been suffered by him through defendant's negligence. On September 19, 1902, a petition and bond for removal on the ground of diverse citizenship was duly filed and accepted and subsequently the cause was actually transferred to the United States Circuit Court for South Carolina. On April 21, 1903, the United States Court, on motion of plaintiff's attorney, passed an order discontinuing the cause on payment of costs. After payment of the costs plaintiff, on April 24, 1903, upon new summons and complaint brought this suit in the Court of Common Pleas for Charleston County upon the same cause of action except that the damages were laid in the sum of $2,000.

The defendant answered and the case was submitted to a jury at November Term, 1904, and resulted in a mistrial.

Thereafter, in March, 1905, defendant on notice moved before Judge Memminger to dismiss all the proceedings in the cause on the ground that the Court had no jurisdiction thereof and that the jurisdiction of said cause is vested exclu-

sively in the United States Court. Judge Memminger granted the motion and dismissed the case for want of jurisdiction upon the rule and reasoning stated in *Baltimore and Ohio R. R. Co. v. Fulton,* 59 Ohio St., 575, 44 L. R. A., 520. That case held that where a case has been properly removed from a State to a Federal Court, the jurisdiction of the State Court ends forever, unless perhaps the case is remanded with the consent of defendant, that the jurisdiction of the Federal Court over the cause of action remains exclusive even though the suit is disposed of in the Federal Court otherwise than upon its merits. The reasoning by which this result is reached is based upon the Court's view of the spirit and policy of the statute authorizing removal on the ground of a diversity of citizenship as resting upon the fact that litigation between citizens of different States must be more or less affected by local influences, and that such a policy applies as well to any renewal of the action after it has been disposed of in the Federal Court as to the period of its pendency; and the further reason is given that a contrary rule would be productive of a very inconvenient practice and much abuse, in enabling a party to permit his case to be dismissed by failure to prosecute in the Federal Court with the purpose of recommencing it in the State Court, and thus entailing expense and trouble on the defendant in causing it to be removed, or submit to the jurisdiction of the State Court. The only case cited in that opinion as directly supporting the same was *Cox v. East Tenn. etc. R. R. Co.,* 68 Ga., 446.

The Supreme Court of Georgia, however, in the case of *McIver v. Florida etc. R. R. Co.,* 110 Ga., 223, 36 S. E., 775, 65 L. R. A., 437, holds the contrary view, and declares that the Cox case merely decided that after nonsuit in a Federal Court, a renewal of the action in the State Court was not a part of the original case or on the same footing with it with respect to the statute of limitations. The Georgia Supreme Court quoted with approval the following forceful language of a writer in *Case and Comment,* of July, 1899, at page 228: "The possibility that a plaintiff might improperly permit the

dismissal of a case after removal for the purpose of beginning again in the State Court, and thus compel the defendant to remove the cause again or else submit to the State Court, is one ground of the Ohio decision. But the unnecessary trouble caused to a defendant by dismissing an action and suing anew is not confined to cases that have been removed from a State Court. It does not in other cases prevent the plaintiff from commencing a new action after dismissing the former one, and the difference in respect to actions removed into the Federal Court is only in degree. The distinction between reinstatement of an action and the bringing of a new action does not seem to have been much considered in this case. Because a case can be reinstated only by the Court that dismissed it, it is said that 'by parity of reasoning,' a State Court cannot pass on the right of the plaintiff to recommence an action after it has been dismissed by a Federal Court. But commencement of a new action, although for the same cause, is not a reinstatement, but a distinct and independent case. Exclusive jurisdiction of an action is a very different thing from exclusive jurisdiction of all possible actions for the same cause. An election to bring an action in one of two Courts of concurrent jurisdiction is not usually irrevocable. After dismissal of the first one, the plaintiff has the same choice between the Courts that he had originally. There seems to be no reason why this should not apply, where the concurrent jurisdiction is in State and Federal Courts. If bringing an action originally in the Federal Court does not give it such exclusive jurisdiction of the entire cause of action as to prevent bringing any action therefor in a State Court after the Federal suit is dismissed, why should this be the result of removing a suit from a State Court into a Federal Court? In either case, it is difficult to see why, after an action has been dismissed without prejudice to the right to bring a new action, the plaintiff has not the same election that he had in the beginning with respect to jurisdiction."

The Supreme Court of Georgia further declares: "The act of Congress provides that certain cases may be removed from the State Court to the Federal Court, but this does not mean that the cause of action is removed. The act refers in terms to suit and not cause of action. Until the State Court is absolutely deprived of jurisdiction of a particular cause of action, it may take jurisdiction of and pass upon the same, with the exceptions above noted, that when the Federal Court has taken jurisdiction the State Court cannot take any action in connection with the same so long as the cause is pending in the Federal Court. But when that Court denies to the plaintiff a hearing, or fails for any reason to pass upon the sufficiency of his cause of action, he may bring the same again in the State Court and invoke an adjudication of that Court. And the fact that the new suit is for an amount which will prevent another removal to the Federal Court will not invalidate the suit. If the plaintiff in the new suit voluntarily abandon a portion of his claim for damages, it does not seem that the defendant should complain. The policy of the laws of the United States is to compel persons having claims of small amounts to litigate in the State Courts, and voluntarily giving up a portion of his claim for damages and being content to accept a sum less than the Federal Court would entertain jurisdiction of, would not seem to be contrary to the laws of the United States and its established public policy in reference to the jurisdiction of its Courts."

The rule declared in the Georgia case and the reasoning by which it is supported appear to us to be correct. The Ohio case, so far as our investigation develops, is the only precedent in support of the view of the Circuit Court, while, on the other hand, several authorities besides the Georgia Court support the contrary view. *Hooper* v. *Atlanta etc. R. R. Co.,* 106 Tenn., 28, 53 L. R. A., 931; *Rodman* v. *Missouri etc. R. R.* (Kan.), 59 L. R. A., 704. See, also, the following cases, which we have not examined, but which from the syllabi in the Century Digest seem to hold in oppo-

sition to the Ohio case: *DeWitt* v. *Chesapeake & Ohio R. R. Co.* (Ky.), 79 S. W., 275; *Nipps* v. *Chesapeake & Ohio R. R. Co.* (Ky.), 80 S. W., 796; *Krueger* v. *Chicago & A. R. R. Co.,* 84 Mo. App., 358; *Gassman* v. *Jarvis,* 100 Fed. Rep., 146; *Texas Cotton Products Co.* v. *Starnes,* 128 Fed. Rep., 183, affirmed by the Circuit Court of Appeals, 133 Fed. Rep., 1022.

Our attention has not been called to any decision of the United States Supreme Court which is decisive as to this question and we have discovered no such case. In the case of *Bush* v. *Kentucky,* 1 Sup. Ct. Rep., 625, the removal of a criminal case from the State to the Federal Court did not operate to divest the State Court of all jurisdiction thereafter to try the accused, although the indictment removed to the Federal Court was in that Court quashed, but inasmuch as the crime was against the State and not the United States, and prosecution could only have been begun in the State Court, not being originally cognizable in the Federal Court, the case is perhaps not conclusive, although there is similarity in view of the fact that the present suit for the sum of $2,000, treated as a new and independent action, is only cognizable in the State Court. But the case cited certainly shows an exception to the broad contention that a cause or controversy removed from the State Court to the Federal Court is forever there until finally determined upon its merits within the jurisdiction of the Federal Court to the exclusion of the State Court.

In reaching our conclusion we are mindful of the rule established in the United States Supreme Court, that the jurisdiction of a Federal Court acquired on removal from a State Court cannot be ousted or divested by any change of conditions—that is, conditions in the pending suit, as, for example, when the parties become residents of the same State after removal to the Federal Court on the ground of diverse citizenship—*Morgan* v. *Morgan,* 2 Wheat., 290; *Clark* v. *Mathewison,* 12 Pet., 165; or, after the right of removal attached, an amendment in the State Court allowing plain-

tiff to reduce the matter in dispute to less than the jurisdictional amount—*Kanouse* v. *Martin,* 15 How., 198; or when there is a change in the value of the subject of controversy after jurisdiction acquired—*Cooke* v. *United States,* 2 Wall., 218; or by dismissal of the original bill involving the jurisdictional amount after the filing of a cross bill which did not involve the jurisdictional amount—*Kirby* v. *American Soda Fountain Co.,* 24 Sup. Ct. Rep., 619. The present contention does not relate to a mere change of the conditions in a suit pending in a Federal Court or within its control, but to a new action in the State Court, having concurrent jurisdiction in the first instance subject to the right of removal, restored after the Federal Court has discontinued the removed suit.

It is not contended by respondent in this case that the order of discontinuance, not having therein the words "without prejudice," must be treated as a final adjudication so as to prevent a new suit in any Court, as the case of *Dunham* v. *Carson,* 37 S. C., 269, 15 S. E., 960, shows that the failure to insert such words in the order of discontinuance did not make the order a decree on the merits, but the contention is that the removal gave the Federal Court exclusive jurisdiction over the *cause of action* until adjudication on the merits. It is argued that the phraseology of the removal statute supports this contention. Sec. 110 of the Revised Statutes of the United States, after prescribing the proceedings necessary to removal, declares: "It shall then be the duty of the State Court to accept said petition and bond and proceed no further in such suit, and the said copy being entered as aforesaid in the said Circuit Court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said Circuit Court" (18 U. S. Stat., 470, superceded by 25 U. S. Stat., 433).

It is contended that the word "cause" means more than "suit," that it means "cause of action," and that the cause of action is taken entirely out of the jurisdiction of the State Court and that the Federal Court alone had jurisdiction

thereof. We cannot accept this construction. The words "suit" and "cause" mean the same thing in the statute. In common usage and very often in statutes and decrees, the words suit, action, case and cause are used interchangeably to indicate the same thing. Bouvier defines "cause" to be "a contested question before a court of justice; it is a suit or action." The suit, action, case or cause in which the State Court cannot proceed further is the matter removed to the Federal Court. This is manifest from the context which requires that the cause shall *proceed* in the Federal Court in the same manner as if it had been originally *commenced* there, language appropriate in reference to a *suit,* but wholly inappropriate in reference to the *cause of action,* which is the legal right of the plaintiff invaded by the defendant's breach of corresponding duty, upon which the right of action arose when the invasion took place. The respondent's contention, therefore, receives no aid from the phraseology of the statute. On the contrary, the plain meaning is that the suit or cause after removal shall proceed in the Federal Court, subject to the same rules which would govern if the suit or cause had been originally commenced there. If plaintiff had originally commenced the suit in the Federal Court for $10,000, and the same had been discontinued on payment of costs, we know of no rule which would prevent plaintiff's election to sue again in the State Court for any sum, subject to the defendant's election to remove again, or to sue for such sum as gave the State Court exclusive jurisdiction. This suit is for such a sum as in the policy of the removal statutes is such a case as should be tried exclusively by the State Court.

This conclusion renders it unnecessary to consider the other question raised as to whether the defendant by answering and going to trial and delaying this motion for about two years has waived any right it may have had to make such motion.

The judgment of the Circuit Court is reversed.