Spear, J.
It is not doubted that the court of common pleas had jurisdiction of the original action of Larwill against the Company, nor that such jurisdiction was ousted by the removal of the case to the circuit court of the United States; so that, during the pendency of the case in the latter court, its jurisdiction was exclusive, and the state court was without power to further deal with the case. The question raised by the record, therefore, is, whether or not, after the suit brought in the state court had been removed to the United States court, and had by that court at the instance of the plaintiff been dismissed without prejudice to the plaintiff’s right to bring a new action, the plaintiff may begin a new action in a state court upon the same cause of action, though for a less sum than would entitle the defendant to again remove the case to the United States court.
The question has been ruled against such right by this court in Railroad Co. v. Fulton, 59 Ohio St., 575, opinion by Minshall, J., and in Thomas v. Gawne Co., 69 Ohio St., 561, reported without opinion. The judgment of the circuit court of Wayne county brought in review by this proceeding in error was that the right of plaintiff to bring such second action in the state court after the dis *113 missal of the case b)^ the federal court was not controlled adversely by the removal, and hence the judgment of the circuit court of Wayne county, reversing the judgment of the common pleas of that county, followed. This court is now to determine which of these rulings respecting the second case brought by the plaintiff in the court of common pleas is the law; and this involves the question whether now this court should follow its holding in the cases above cited or should consider the .proposition anew and announce such conclusion as the court as now constituted believes to be the law, irrespective of previous holdings.
In the United States court Fulton's suit was dismissed by order of the court for non-compliance with a rule of the court, admittedly a disposition otherwise than on the merits, and equivalent to a dismissal without prejudice. The basic proposition of the opinion in the case as reported in 59th State, supra, was that the removal of the cause was a removal of all the rights and remedies plaintiff had therein against the defendant company. The argument of the learned judge is based upon two propositions, one relating to the reason of the statute, and the other a matter of practice. Much abbreviated, those propositions are:
1. The United States removal statute is a remedial one and should be liberally construed. A plaintiff in a controversy between himself and a citizen of another state may, by virtue of the statute, bring suit in a federal court, and the right of removal is given a defendant sued out of the jurisdiction of the courts of his own state. This is based upon the fact that litigation between citi *114 zens of different states will be more or less affected by local influences. Thus the spirit and policy of the statute applies as well to any renewal of the :action after it has been disposed of in the federal -court as to the period of its pendency, and that court must on principle and reason retain it for all purposes; and so it follows that the controversy remains subject to the jurisdiction of the federal court and is forever excluded from that of the state court unless remanded to it.
2. After the case- has been stricken from its docket by the federal court a state court cannot determine whether or not it should be reinstated; andj by a parity of reasoning, a state court cannot pass on the right of the plaintiff to recommence the action after it has been dismissed by the federal court. If there be any rule by which a case which has been dismissed for failure to prosecute, after the time fixed by the statute of limitations has expired, the remedy must be sought in that court, • as it is properly a step in the same case. If this were not so it would open the way to a violation of the policy of the statute, and be productive of a very inconvenient practice and much abuse. It would permit a party to dismiss his case, or permit it to be dismissed for failure to prosecute, with the purpose of recommencing it in a state court, and .thus compel the defendant to be at the trouble and expense of again causing it to be removed, om submit to the jurisdiction of the state court.
And so the judge concludes, and the holding is, that the court of eommon pleas was without jurisdiction to entertain the new suit.
*115 . Reduced to its last analysis the second proposition advanced in the opinion is that, because of the possible contingency of an application for reinstatement to the federal court by one who has allowed the dismissal of his case for failure to prosecute, the general rule respecting the jurisdiction of state courts, a rule which, upon all other considerations would be unquestioned, is to be .overridden and destroyed, and this in view of a possibility at best exceedingly remote and improbable.
It is not improper here to say that the writer did not concur in the judgment in the Fulton case, although no dissent appears. It seemed at the time to be admittedly a close question. However, in the latter case, wherein .the conclusion in' the Fulton case is followed, he did concur; this in recognition of the practice that a rule of law once announced by • the court should be followed until, by the opinion of at least a majority of the court, such rule has been or should be changed. No such majority opinion was present when the Thorpas case was disposed of.
The opinion in the Fulton case is characterized by the usual refinement of reasoning peculiar to the learned jurist who wrote it. It is, perhaps, as able a presentation of that side of the controversy as could be made by anyone. But while it is persuasive in some of its aspects it is not, to our mind, convincing. It seems to us to rest upon an unwarranted assumption. It appeafs not to give full effect'to the distinction between the term “right of action” and the term “suit.” A cause of action is the fact or combination of facts which gives *116 rise to a right of action, the existence of which affords a party a right to judicial interference in his behalf. A suit is the pursuit in a court of justice of the remedy to which the party, by reason of the existence of the supposed facts, believes himself to be entitled. In no way can a court take cognizance of a cause of action except by its presentation by way of a suit. The United States statutes relating to removals of cases from a state to a federal court, are reproduced in Ins. Co. v. Dunn, 19 Wall., 214, and they all speak of a suit, and the matter of removal is everywhere in that case treated as a suit. It is true that the term “cause” occurs in the federal removal statute, act of July 27, 1866. But there is no reason for confusing this term, with the term “cause of action.” That it is used as the equivalent of “suit” or “case” is too clear for serious doubt. It is true that the constitution of the United States, article III, referred to in Judge Minshall’s opinion, in treating of the extension of judicial power, does speak of controversies between citizens of different states. But the section, as shown by the context, is dealing with cases, and it is apparent that, taking the article as a whole, the term “controversies” is applied to cases in which such controversies are brought to the attention of the court, and not' to quarrels, disputes or controversies at large. So there could be no controversy of which the court could take or retain jurisdiction without a cause pending. In order to constitute a controversy to which the constitution can be applied or of which a court can take cognizance, there müst be parties present. After the *117 dismissal of the case in the United States court there were none present in' that court. There must be pleadings; there were none. There must be process or appearance; there was neither. On the contrary, the case having been dismissed by order of the court was wholly out of the court. It became then merely a dispute at large.
Nor can we assent to the proposition that “because the state court might not order a reinstatement of a case once dismissed in the federal court, therefore the state court cannot pass upon the right of the plaintiff to recommence in that court after his case has been dismissed by the federal court.” The use of the term “recommence” here indicates some confusion of thought. Strictly speaking there is no recommencing of an action. What plaintiff undertook to do was to commence a new action. To succeed, every formality of pleading, process and service was necessary to the fullest extent and in every respect precisely as though no suit had ever been brought upon that cause of action. We cannot perceive that the matter of reinstatement is of special significance, as no one doubts that one court may not pass upon the question whether a case should be reinstated which had been dismissed by order of another court, both courts being of equal authority. Such reinstatement would not only concern the same case but would belong to the same court. In the instance, suggested by the learned judge the inquiry, while it concerns the same cause of action, relates to a new and independent suit. Where the original suit has been dismissed by the plaintiff without prejudice and by *118 the order of the. court no court can have jurisdiction over that particular case except the court which dismissed it.. Of course, therefore, that court alone possesses the power to reinstate it upon its docket, and to then dispose of it, but it does not follow from this that another action brought by the party is the same suit although it is predicated upon the same cause of action. Nor would special inconvenience result should a plaintiff seek reinstatement of his case after dismissal by the federal court and after the commencement of a new suit by him in a state court, for in such case a plea of a cause pending in another court of competent jurisdiction upon the same cause of action would, it would seem, prove a sufficient bar. It is difficult to see that the situation would present any different considerations than those present in the ordinary case, (of which the books treat fully), of a plea of another suit pending. The jurisdiction of the federal court to consider and dispose of the case upon an application for reinstatement would not be disturbed, but that court would be left free to apply to the situation the proper rules of law and dispose- of the contentions of the parties • accordingly.
There is often force in the argument ab inconveniente and where a proposed rule will manifestly be productive of a very inconvenient practice and much abuse a court will hesitate before giving construction to a statute by which such result will be brought about. It is urged that this result would follow in the present case if the conclusion in the Fulton case should be overruled, by enabling the' party to dismiss his case in the federal court with *119 the purpose of recommencing it in the state court,, thus entailing expense and trouble on the defendant by again causing the case to be removed, or-submit to the jurisdiction of the state court. But it is not apparent that any really prejudicial or unfair result would follow the adoption of the construction hereinbefore indicated. It is true that the policy of the removal statute on the ground of diversity of citizenship is said to rest on the belief that litigation between citizens of different states is likely to be more or less affected by local influences, and it is urged that such a policy applies as well to any renewal of the action after it has been disposed of in the federal court as to the period of its pendency. But the expense caused a defendant by plaintiff dismissing his action and commencing again is not confined to cases that have been removed. In other cases pending in a federal court that action may be taken, and while the trouble incident might be something less in the latter instance, the objection is only one of degree; it is. not one of kind. So that the policy of the statute, whatever it may be, has its limits. Had it been intended to make such policy controlling, it would seem that the statute would have been so framed as in some way to prevent, what is now permitted in case of diverse citizenship, - concurrent jurisdiction with the state courts where the amount exceeds the sum of two thousand dollars. The policy of the statute seems to be to compel persons, whatever their citizenship, who have small claims, to litigate them in the state courts. In one aspect the right of the plaintiff to begin anew in a state court is advantageous to the other party. It re *120 quires in many cases the plaintiff to voluntarily abandon a portion of his claim, in this instance more than half of it. There is, as it seems to us, no warrant for the proposition that it was the purpose of the constitution or the statutes to interfere with the jurisdiction of the state courts more than is necessary to maintain the jurisdiction of the federal courts in respect to causes properly brought in those courts or removed to them; and the institution of a new suit in a state court by a plaintiff can in no manner interfere with that jurisdiction even though it be upon a cause of action involved in a cause once pending in but dismissed from the federal court. Beyond this it should be remembered that, as stated above, over the sum of two thousand dollars the jurisdiction of the two courts is concurrent. It should also be remembered that the jurisdiction of the federal court is the same whether it be invoked by the plaintiff bringing it there, or by the defendant removing it to that court. If the removal clothed the federal court with exclusive jurisdiction of the subject-matter, so would the act of a non-resident plaintiff in bringing his action there. Then it would follow that where a nonresident plaintiff commenced and then dismissed an action in a federal court he could bring a new action only in that court. And would not the same result follow the dismissal without prejudice of any case brought in a federal court? It can hardly be said that the taking by a defendant by removal a cause to a federal court gives to that court greater or more exclusive jurisdiction over the subject-matter than if as a plaintiff he had brought' action *121 in that court originally. From considerations of reason as well as of authority, it seems to us clear that the just rule in such case is that when a case has been dismissed by a court of the United States without prejudice, there is no merger of the cause of action, and a new suit may be brought thereon within proper time in any court of competent jurisdiction as though no previous suit had been brought. This conclusion was intimated in Anderson v. Realty Co., 79 Ohio St., 23, but the case not requiring a ruling upon it the point was not distinctly decided.
The decision of this court in the Fulton case was thought by the reporting judge to find support in a Georgia case, Cox v. Railroad, 68 Ga., 446, and the opinion largely rests upon that case. Unfortunately for the potency of that case as authority, the case of McIver v. Railroad Co., 110 Ga., 223, holds squarely to the contrary of the Ohio court, and at the same time asserts that “the Ohio court has entirely misapprehended the ruling in that case,” adding that “the only point necessary to be decided in the Cox case was whether the law contained in the section of the code cited had any application to a case removed to the federal court.” Holding, further, that the six months’ statute of Georgia “did not prevent the bar of the statute of limitations from attaching to a cause of action removed to the federal court.” The court admits that “there is some language, both in the headnote and in the opinion, which would seem to indicate that the case could not be recommenced in the state court, notwithstanding it was not barred by the statute of limitations, but such language *122 went' further than the facts of the case justified, and what is thus said is not binding as authority.” We are not called upon to endeavor to reconcile the decisions of a sister state, but it would seem that there was some ground for misconception, if there were such, on the part of' a usually vigilant and careful Ohio judge. However, the latter case, although two of the six judges dissented, is now the law of Georgia. It is a well-stated and well-reasoned case, the opinion supported by abundant authorities, and we here give the syllabus as the deliverance of a court of high repute, and entitled to the fullest respect: “Though the plaintiff in a suit which has been properly removed from the state to a federal court having concurrent jurisdiction of the cause of action on which the suit was founded was non-suited, or voluntarily dismissed his case in the United States court, it was nevertheless his right to bring another on the same cause of action in the state court at any time within the statute of limitations applicable to such an action. The above is true, notwithstanding in the second suit the damages were laid "in an amount which would prevent another removal to the federal court.”
We have given careful attention to the argument of the learned counsel for plaintiff in error in their brief and the authorities there cited. No one of the decisions or text-books cited appears to us to reach the point of sustaining the argument, and we find ourselves unable, for reasons hereinbefore stated, to assent to the contention of counsel. Indeed a very full examination of cases, the result of an extended search, has failed to discover any *123 which are now the law of the jurisdiction which do really support counsels’ contention. Hickman v. M. K. & T. Ry. Co., 97 Fed., 113, appears in the opinion to do so, for the judge cites the Ohio case in the 59th .State and the Cox case in the 68th Georgia, in support of a proposition to the effect that “proceedings taken by plaintiff in the state court after the removal was effected were coram non judice and absolutely void, for the obvious and conclusive reason-that the ‘controversy’ between the parties was then removed into the United States court, there to remain until finally determined.” It is difficult to see how the case with which the judge was dealing called for any such deliverance provided it is to be taken as using the word “controversy” with any meaning different from “suit,” and the term “finally determined” in any other sense than a determination which for the time being ended the case. The case was disposed of on a motion to remand from the United States court to the state court and the facts stated as well as the syllabus show that when the company sought to remove the case from the state court that court overruled the petition for removal and sought to retain the case. Proper steps were thereupon taken for removal, and the cause was removed. It was therefore pending in the United States court, and that court, finding that the grounds for removal were adequate, held that the -state court was without jurisdiction to proceed and that the defend- and had not, by further appearing and contesting the case therein, waived his right to proceed in the federal court. This ruling has been the *124 well-settled practice of the United States courts since Ins. Co. v. Dunn, supra, and perhaps before, and resort to the decisions of state courts was in no manner necessary in its support.
The authorities cited and relied upon by the learned counsel for defendant in error, and which are given in the reporter’s note, abundantly support the counsel’s contention and the judgment of the circuit court which he asks to have affirmed.
. It is unnecessary to reproduce the citations above referred to further than has been done in preceding pages of the opinion, but we add additional authorities all of which, with more or less elaboration of statement and argument, support the conclusion hereinbefore stated. Hooper v. Railroad Co., 106 Tenn., 28; Krueger v. C. & A. Ry. Co., 84 Mo. App., 358; Adams Ex. Co. v. Schofield, 111 Ky., 832; De Witt v. C. & O. R. Co., 25 (Ky.) Ky. Law Rep., 2019, 79 S. W., 275; Stevenson’s Admr. v. I. C. R. Co., 117 Ky., 855; Nipp’s Admx. v. C. & O. Ry. Co., (Ky.) 25 Ky. Law Rep., 2335, 80 S. W., 796; C. C. C. & St. L. R. Co. v. Lawler, 94 Ill. App., 36; Swift v. Hoblawets, 10 Kan. App., 48; Fox v. Dold P. Co., 96 Mo. App., 173; Fleming v. Railroad, 128 N. Car., 80; Railroad v. Bents, 108 Tenn., 670; T. & P. Ry. Co. v. Maddox, 26 Tex. App., 297.
Since the preparation of the foregoing opinion and announcement of the decision in this case, our attention has been called to the case of Southern Ry. Co. v. Miller, 217 U. S., 209, opinion by Mr. Justice Day, in which the Supreme Court holds: “After a case properly removable and *125 removed into the Federal court has been voluntarily dismissed without action on the merits, the case is again at large and plaintiff may begin it again in any court of competent jurisdiction, including the state court from which the first case was removed into the Circuit Court.” Fiad we known of this decision earlier much labor as well as space would-have been saved, the decision being by the highest court of the land, and giving in effect a construction to a statute of the United States, and therefore an adjudication conclusive upon this court.
The judgment of the circuit court reversing the judgment of the court of common pleas will be

Affirmed.

Summers, C. J., Crew, Davis, Shauck and Price, JJ., concur.