## McPHERSON v. SWIFT et al.

A determination on a prior appeal is the law of the case on retrial and on a subsequent appeal, so far as the same questions are presented on substantially the same facts.

Proof that plaintiff was present in open court during proceedings which resulted in the dismissal of a former action was insuffi-

cient to establish a "retraxit," which is a voluntary acknowledgment that the plaintiff has no cause of action, and therefore will not proceed further, made in open court by the plaintiff in person.

Where an action is removed to a federal court and is there dismissed without trial or determination of the merits, plaintiff's right to sue is not affected, and he may institute a new suit on the same cause of action in the state court, as though the prior suit had not been brought. ·

(Opinion filed March 29, 1911.)

Appeal from Circuit Court, Lawrence County. Hon. JOSEPH W. JONES, Judge.

Action by Donald A. McPherson against Joseph Swift and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*Chauncey L. Wood* and *Van Cise, Grant & Van Cise,* for appellants. *Martin & Mason* and *Kellar & Stanley,* for respondent.

HANEY, J. In May, 1888, defendant Swift and one James K. P. Miller made a contract in writing, relating to certain real property situated in Lawrence county, record title to which was taken in the name of the former. Mr. Miller died in January, 1891. His estate was insolvent. The plaintiff, claiming to have succeeded to Miller's rights under the contract, through proceedings in the county court, instituted an action in the circuit court to enforce such rights. Such action was removed to the United States Circuit Court and later on was dismissed. Thereafter the present action was commenced, tried without a jury, judgment entered in favor of the defendants, from which the plaintiff appealed, and such judgment was reversed. McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907. A second trial having resulted in a judgment favorable to the plaintiff, the pending appeal was taken by the defendants.

After the cause was reversed and remanded on the former appeal, defendant Swift's separate answer was amended by adding thereto a paragraph evidently designed to preserve a "federal question" for review by the United States Supreme Court, concerning the effect to be given the proceedings in the United States Circuit Court; otherwise the pleadings are the same now as on the

former appeal, and the evidence is the same, except as to what occurred when the former action was dismissed in the United States court. An exhaustive statement of the issues will be found in the former decision of this court. The conclusions then announced are conclusive, except in so far as the record on this appeal differs substantially from the one upon which such conclusions were based. Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91.

It was determined by the former decision of this court that Miller died possessed of an interest in the property mentioned in his contract with defendant Swift, which passed to his estate for the benefit of his individual creditors; that none of the alleged affirmative defenses had been established; and that the plaintiff would have been entitled to a judgment in his favor, if the record had disclosed a sustainable finding upon the issue of his ownership of such interest. It was the duty of the learned circuit judge to accept the conclusions of this court on the second trial of the cause. Therefore the only questions now open to discussion are whether plaintiff acquired Miller's interest, the extent of the same, and the effect of the proceedings in the federal court.

In its former decision this court said: "In this instance we think the record shows on its face that there was no adjudication on the merits. If, however, this be not so, it is clear that the contrary does not appear, and the court below erred in excluding parol evidence offered by the plaintiff to prove that there was not, in fact, any determination of the issues involved. Either view entitles the plaintiff to a new trial so far as the defense of res adjudicata is concerned." Whether right or wrong, the conclusions thus stated in the certified copy of the opinion of this court, required to be transmitted to the trial court when the case was remanded, expressed the law of the case, which the trial court was bound to follow on the second trial. It did so. It allowed additional testimony tending to prove that the adjudication in the federal court was not in fact on the merits. Its rulings on the admission and rejection of evidence touching this issue were not erroneous. And it found "that no evidence, testimony, or proof

was ever taken or submitted in said action upon the hearing of said motion of the defendant, Joseph Swift, for leave to withdraw from the answer of said Joseph Swift paragraphs 13 and 14 thereof, and submit to a decree in plaintiff's favor, nor upon the hearing of said motion of the said complainant, Donald A. Mc-Pherson, for leave to dismiss his bill of complaint in said action, and that there was no hearing or trial in said action in said United States court upon the merits, and that the said bill of complaint of said complainant, Donald A. McPherson, therein, was not dismissed upon the merits, nor for want of equity." This finding was justified by the evidence. Clearly, then, the court did not err in declining to sustain the defense of res adjudicata.

On the second trial plaintiff testified he was present in open court during the proceedings which resulted in the dismissal of the former action. In this respect the evidence differs from that disclosed by the record on the former appeal. The difference, however, does not change the conclusion of this court as then announced. Plaintiff's presence alone was not sufficient to establish a retraxit. This is the law of this case on that subject: "The contention that the record in the former action discloses a retraxit which precludes the plaintiff from maintaining the present action is not tenable, even if it be assumed that anything of the sort is sanctioned by the rules of practice prevailing in this jurisdiction. At common law a retraxit is a voluntary acknowledgment that the plaintiff has no cause of action, and therefore will not proceed further, made in open court by the plaintiff in person. 18 Ency. Pl. & Pr. 898. Though the return to the order to show cause was verified by the plaintiff, there is nothing in the record to indicate that it was filed by the plaintiff in person, nor does it disclose an acknowledgment on his part that he had no cause of action. On the contrary, the reasons assigned therein for declining defendant's offer impliedly assert the existence of his alleged cause of action, and are not in the slightest degree inconsistent with an intention to further litigate his rights. The offer in plaintiff's complaint to pay a certain sum in consideration of having his claim to an undivided one-half interest in the remaining property

recognized was not an essential element of his cause of action. He was, if the other allegations of his complaint were true, entitled to an accounting without any such offer or previous tender, and the withdrawal of the offer long after it had been refused was in no sense a renunciation of his right to insist upon an accounting." McPherson v. Swift, 22 S. D. 180, 116 N. W. 76, 133 Am. St. Rep. 907.

It was suggested during the oral argument, though the question was not presented by the record, that the removal of the former action into the United States court deprived the state court of jurisdiction of the subject-matter; such former action not having been remanded to the state court. Such conclusion could not be sustained, even on the assumption that the question was properly presented and not determined by the decision of this court on the former appeal. With the exception of one decision and some dicta, the cases are unanimous in favor of the doctrine that when an action, removed into a court of the United States, is there dismissed withut any trial or determination of the merits, the right of action still remains unaffected thereby, and the party having such right of action may again bring suit thereon in the state court, the same as though no previous suit had been brought. Gassman v. Jarvis (C. C.) 100 Fed. 146; McIver v. Railroad, 110 Ga. 223, 36 S. E. 775, 65 L. R. A. 437; Rodman v. Railroad, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704; Hooper v. Railroad, 106 Tenn. 28, 60 S. W. 607, 53 L. R. A. 931; Krueger v. Railroad, 84 Mo. App. 358; Fox v. Packing Co., 96 Mo. App. 173, 70 S. W. 164; Young v. Telephone & Telegraph Co., 75 S. C. 326, 55 S. E. 765, 7 L. R. A. (N. S.) 501; note to same case, 7 L. R. A. (N. S.) 501; 34 Cyc. 1309. Therefore the trial court correctly decided that plaintiff was not precluded from maintaining the present action by reason of the proceedings in the United States Circuit Court.

To support the allegation that he had succeeded to Miller's rights under the contract, the plaintiff introduced in evidence the last will and testament of the decedent. This will was duly probated in the county court on February 24, 1891, and letters testa-

mentary were issued out of that court to defendant Swift, E. R. Beecher, and William H. Swift, pursuant to the provisions of the will, and immediately thereafter they qualified as executors thereunder and entered upon the discharge of their duties. Plaintiff also offered in evidence, from the records of the county court, a petition of certain creditors asking the removal of the executors; an order of the county court removing the same; a petition asking the appointment of William Selbie as administrator; an order appointing Selbie as administrator; Selbie's bond as administrator and letters of administration; a petition of such administrator for authority to sell certain property belonging to the estate described therein; an order of sale; a report of sale; an order confirming the sale; and an administrator's deed to the plaintiff. All these instruments were received without objection. The trial court found: "That on September 29, 1892, the county court of said Lawrence county, S. D., duly made and entered an order for the sale of certain property belonging to the estate of said Miller, including said agreement hereinbefore referred to and the property therein described. That under and by virtue of said order of sale, the said William Selbie, as administrator with the will annexed of said estate of said Miller, did duly sell, assign, and transfer unto the plaintiff, Donald A. McPherson, all the right, title, and interest of said estate in and to said contract and the premisies therein described, and did, on January 11, 1893, by deed duly executed, acknowledged, and delivered, under and by virtue of and pursuant to the said proceedings and the order of confirmation hereinafter referred to, transfer and convey unto the said plaintiff, Donald A. McPherson, all the interest of said estate in and to said contract and premises therein described." Though the assignments of error occupy 49 closely printed pages, they nowhere specify any particular wherein the evidence was insufficient to justify this finding. Nor does the appellants' printed brief, consisting of 166 pages, anywhere point out any particular in which the evidence is insufficient to justify the same. So the finding must be sustained.

Having found no reversible error in law occurring at the trial, or particular wherein the evidence is insufficient to justify

the decision of the circuit court, assigned in appellants' abstract or discussed in appellants' brief in accordance with the statutes of this state and the rules and decisions of this court, the judgment and order appealed from are affirmed.