### HICKS v. FORDHAM.

(Circuit Court of Appeals, Fifth Circuit. October 22, 1917.)

No. 3091.

1. SPECIFIC PERFORMANCE ☞43—RIGHT TO—PAYMENT.

Under Park's Ann. Civ. Code Ga. § 4634. providing that specific performance of a parol contract as to land will be decreed where there has been full payment alone, accepted by the vendor, or partial payment accompanied by possession, or possession alone, with valuable improvements, complainant, who, having entered into possession of land with his mother-in-law, remained after she left under a parol contract to purchase the land from the owner is, having made valuable improvements and paid all, or nearly all, of the purchase price, entitled to specific performance of the contract.

2. QUIETING TITLE ☞10(3)—ACTION—RECOVERY.

Complainant, having entered into possession of land with his mother-in-law, remained after she departed, under a parol contract that he should purchase the land on installments and, having paid all taxes, and made valuable improvements, as well as paying all the installments of the purchase price, defendant having refused to execute a deed, or even accept tender of the small amount which he claimed was still due, is entitled to have his title quieted as against the claims of the defendant.

3. LIMITATION OF ACTIONS ☞60(10)—RUNNING OF STATUTE—QUIETING TITLE.

Where complainant remained in possession of land which he had purchased under a parol contract and defendant vendor continued to assert

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a claim against the land which amounted to a cloud on complainant's title, limitations did not run against complainant's suit to quiet title.

4. LIMITATION OF ACTIONS ⟨⟩130(6)—RUNNING OF STATUTE—INSTITUTION OF SECOND ACTION.

Complainant, a resident of Arkansas, in 1909 sued for specific performance of a parol contract for the sale of Georgia lands. After verdict for defendant in 1910 complainant was granted a new trial, and in July, 1913, having heretofore instituted in the federal court a suit for specific performance, dismissed his suit in the state court. Defendant in 1908 repudiated the contract, and sued out against complainant a distress warrant on the theory that he was a tenant. *Held*, that complainant's suit in the federal court was not barred by limitation though the four-year statute was applicable; Park's Ann. Civ. Code Ga., § 4381, declaring that, if a plaintiff shall be nonsuited or shall discontinue or dismiss his case and shall recommence within six months, such renewal case shall stand upon the same footing as to limitations with the original case.

5. LIMITATION OF ACTIONS ⟨⟩130(6)—RUNNING OF STATUTE—ACTION IN FEDERAL COURT.

Where a resident of foreign state filed in the state court of Georgia a bill seeking specific performance of a contract to convey Georgia lands and then dismissed such suit, having previously filed suit for similar relief in federal court, such suit filed in the federal court must be deemed a renewal of original suit within Park's Ann. Civ. Code Ga. § 4381, and will toll limitations, despite the rule that a case, having been removed to the federal court, cannot be renewed in the state court within six months so as to avoid limitations; the complainant having option as to the tribunal in which he would seek relief.

6. JUDGMENT ⟨⟩647—CONCLUSIVENESS—DISTRESS WARRANT.

Where defendant, who complainant asserted sold the land under parol contract, sued out a distress warrant under which crops raised by complainant were levied upon on the theory that complainant was only a tenant, the judgment subjecting such crops to defendant's claim was not a conclusive adjudication against complainant's subsequent suit for specific performance, for a distress warrant may be sued out without personal service and judgment had even without the knowledge of the person whose property has been seized, and hence the judgment in the proceeding on the distress warrant is conclusive only as to the property taken, this being particularly true as there was evidence that the proceeding was for the purpose of preventing a third person from taking complainant's crop.

7. ESTOPPEL ⟨⟩68(1)—EQUITABLE ESTOPPEL—DURESS.

Where complainant, an ignorant negro, was acting under duress when defendant sued out a distress warrant and subjected crops raised on land sold complainant under a parol contract to an alleged claim for rent, defendant cannot set up, as an estoppel barring specific performance, the proceedings under the distress warrant, to which complainant did not object.

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Bill by J. H. Fordham against T. B. Hicks. From a decree for complainant, defendant appeals. Affirmed.

Alexander Akerman and Charles Akerman, both of Macon, Ga., for appellant.

Robert L. Berner, of Macon, Ga., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge.    J. H. Fordham, a resident of Arkansas, filed a bill against T. B. Hicks, a resident of Pulaski county, Ga., alleging that, under a contract with the latter, he and his mother-in-law went into possession of the land in controversy in 1892; that thereafter, about 1897, his mother-in-law moved out, leaving him in possession, and that he and defendant made another trade, whereby he was to pay $1,000 for the land in annual installments, without interest.   He alleges that he remained on the land, made valuable improvements, paid all taxes and all the annual installments of purchase price.   It is further alleged that, upon the payment of the entire amount, he demanded a deed, but defendant insisted that there was still due $104.   This amount was tendered, but defendant still refused to make the deed.   He prayed: (1) For a decree requiring defendant to execute a deed conveying the land; (2) that it be decreed that the complainant had a good and valid title to the land.   By amendment, complainant alleged that in the year 1909 he filed in the superior court of Laurens county a petition in equity for specific performance of the contract; that the allegations therein were substantially as in the present bill; that at the July term, 1910, of that court a jury returned a verdict in favor of the defendant; that a motion for a new trial was granted, and July 28, 1913, complainant dismissed his action.   A motion to dismiss set up that the bill showed on its face that the cause of action was barred by limitation; that it presented a stale demand; that the tender of the amount due on the purchase price was insufficient.   The motion overruled, defendant, answering, alleged that after the complainant's mother-in-law left the land, the contract under which she and complainant had held was rescinded, and that complainant continued in possession as a tenant; that all payments thereafter made were for rent; that no tender of any balance was ever made him.   Defendant, by amendment, alleges also that he sued out in the city court of Dublin a distress warrant against the complainant for rent for the premises for the year 1908, and had it levied upon the crops of that year, had the crops sold, and the proceeds credited upon the distress warrant.   He alleges that complainant filed no counter affidavit or other defense, and that the distress warrant became a final judgment, conclusively adjudging complainant the tenant of defendant for the year 1908, and defendant pleads this judgment as an estoppel against the plaintiff.

[1] The Georgia statute codifies the general law as to specific performance; section 4634, Parks Annotated Code, providing:

"The specific performance of a parol contract as to land will be decreed" where there has been "full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract."

Assuming the truth of the statements of the bill, complainant was entitled to the remedy of specific performance prayed for by him.

[2] Complainant also makes allegations which are equivalent to a statement that the claims of defendant to the land constitute a cloud upon his title.   If his allegations are true, he is entitled to a decree to the effect that he has a good and valid title to the land.

[3] Assuming that this court, disposing of a case in equity, is bound

by or will apply the statutes of limitations of the state of Georgia, it would seem that no provision of the Georgia law will bar this action to remove cloud from title. The complainant has, by himself or by his tenant, been in continuous possession of the land. The defendant asserted, and, to the time of the institution of this suit continued to assert, a claim constituting a cloud on the title. Under such circumstances, no statute of limitation could have application.

[4, 5] The suit for specific performance is not barred by the Georgia statute of limitations. Assuming that the four-years' statute is applicable, rather than the law of prescription of seven years, the suit was in time. In 1909 complainant filed in the state court a petition in equity for specific performance. This was within four years from the repudiation by defendant of the contract, and refusal by him to convey the land. This action was dismissed July 28, 1913, the present suit having theretofore been instituted. The Georgia Code provides (section 4381):

"If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewal case shall stand upon the same footing, as to limitation, with the original case."

In Cox v. East Tennessee, etc., R. R. Co., 68 Ga. 446, and other cases cited in brief of appellant, it is held by the Supreme Court of Georgia that when a case has been removed from a state court to the Circuit Court of the United States, the jurisdiction of the former ceases, and, after nonsuit in the federal court, the case cannot be renewed in the state court within six months so as to avoid the statute of limitations, and that court has held that an action brought in the United States Circuit Court and dismissed by the plaintiff cannot, under the provisions of section 4381, be renewed in the state court within six months after such dismissal so as to avoid the bar of the statute of limitations, which had attached before the second action was brought. These cases do not require a holding that a person who has a right under the laws of a state, which he may assert in a state court, cannot, there being the requisite diversity of citizenship, and the amount involved being sufficient, assert the same right in the proper federal court. Under the facts here developed, complainant had a right, when he instituted this suit, to go into the courts of Georgia and pray for the relief he has prayed for herein. Under the laws of the United States, as a citizen of Arkansas, he had a right to appeal to the District Court of the United States for the Southern District of Georgia for like relief.

[6, 7] Defendant's plea of estoppel is without merit. The elements of estoppel are lacking. Nor will the fact alleged be held an adjudication of the relations between the parties. Under the laws of Georgia, the distress warrant may be sued out without personal service, and a judgment had, even without knowledge of the person whose property has been seized that the proceeding has been instituted. It may be that the sale thereunder is conclusive as to the property sold, but certainly it would be improper to give the procedure an effect beyond this.

There is also evidence that the proceedings in distress were the result of an arrangement between complainant and defendant for the purpose of preventing a third person from taking the crop of complain-

ant. The evidence indicates that the complainant is an ignorant negro; at the time he was acting under what was substantially duress; it would not consist with equity to permit defendant to take advantage of a condition created by his own wrong. There is a sharp issue of fact between the complainant and defendant as to the character of contract under which the former held the land. The district Judge holds that the evidence sustains the allegations of the bill. He was amply warranted in this conclusion.

The judgment is affirmed.